Benjamin, Appellee, *v.* Lawson, Appellant.

(No. 985—Decided April 9, 1947.)

*Mr. Roy W. Roof* and *Mr. Frank Wiedemann,* for appellee.

*Messrs. Martin & Reed, Mr. J. C. A. Arter* and *Messrs. Cable & Cable,* for appellant.

Middleton, J. Plaintiff's action is one for damages for personal injuries resulting from a fall on defendant's premises.

Her petition alleges that the defendant was the owner of a three story residential apartment building in the city of Marion, Ohio; that plaintiff had occupied an apartment in the building for a period of three years prior to the date of injury; that the building was constructed with a hallway through the center of the building, with apartments on each side of the hallway; that on entering or leaving plaintiff's apartment it

was necessary to walk through the hallway; that on the 8th day of January 1943, the defendant, or his agent or servant, on the third floor of the building, removed a part of the flooring from the east end of the hallway, leaving an uncovered hole in the hallway of approximately three feet square in size; that the defendant failed and neglected to place any covering or protection over the hole or to place any light near the hole or to place any warning sign near the hole, but negligently permitted the same to be and remain open; that by reason of the defendant's carelessness and negligence in so failing to provide a covering for the hole, or to guard the same with warning signs or to place a light near the same so that the hole could be seen by plaintiff, plaintiff did, on the 9th day of January, while walking through the hallway at about 6:30 o'clock in the morning while leaving her apartment, fall into the hole injuring herself to her damage in the sum of $20,000 for which she prays judgment.

The defendant filed an answer setting forth four defenses.

The first defense admits he was the owner of the apartment building on the date set out in the petition.

For a second defense he avers: "Defendant says that sometime prior to January 9, 1943, he entered into an oral contract with T. Cunningham, a plumbing contractor, doing business in Marion, Ohio, to fix and repair a gas line on the second floor of said Union Block. That by the terms of this contract defendant agreed to pay for the work and the contractor agreed to supply all materials, labor and supervision.

"Defendant says he did not retain or exercise any control over the performance of the work and that by reason thereof, T. Cunningham was an independent contractor."

For a third defense he avers: "That the injuries complained of by the plaintiff resulted solely from her own negligence in the following respects: That plaintiff knew or should have known that repair was being made in the hallway and that although she knew or should have known this fact she failed to exercise ordinary care for her own safety."

For a fourth defense he avers: "If the defendant is guilty of any negligence in any manner causing said injury to plaintiff, all of which this defendant expressly denies, then the defendant says that plaintiff was guilty of negligence directly contributing to her own injury in the following respects: That as plaintiff entered the hallway, she knew or should have known that repair was being made therein, or in the exercise of ordinary care would have known this fact, she entered said hallway without looking and observing the condition of said hallway."

Plaintiff filed a reply in which she denied each and every allegation contained in the first, second, third and fourth defenses of defendant's answer which are inconsistent with the allegations set forth in plaintiff's petition.

Trial was had on those pleadings and judgment was recovered by the plaintiff in the sum of $12,120.

Defendant's assignments of error set forth eight grounds of error as follows:

1. The court erred in overruling the motion of the defendant for a new trial.

2. The court erred in its general charge to the jury.

3. The court erred in refusing to give to the jury before argument the instruction requested and tendered in writing by the defendant.

4. Conduct of trial court amounting to abuse of discretion prejudicial to rights of defendant.

   (a) Statement of case by trial court.

(b) Trial court's attempt to impanel the jury.

(c) Trial court forcing defendant's exhibit into the case. Unwarranted argument with reference thereto in presence of jury.

5. The verdict of the jury is against the manifest weight of the evidence and not sustained by a preponderance of the evidence.

6. The verdict of the jury is contrary to law and not sustained by sufficient evidence.

7. The court erred in overruling the motion of the defendant made at the close of the evidence of the plaintiff to instruct the jury to return a verdict for defendant and likewise for the same instruction at the close of all the evidence.

8. The verdict of the jury was excessive and was given under the influence of passion and prejudice.

The first and second assignments of error will be reserved for consideration last and the other assignments considered in their order.

### Third Assignment of Error.

The court properly refused to give to the jury before argument, the instruction requested, as it was too limited in its scope and would have, if given, been in effect a direction of a verdict for the defendant. Whether the act of the plaintiff constituted contributory negligence was a question for the jury.

### Fourth Assignment of Error.

(a) At the time the trial court made the statement of the case to the jury, complained of by the defendant, the defendant made no objection, and not having objected at the time, he waived any error the statement may have contained.

(b) The trial court was well within its province in its examination of tentative jurors and there was nothing prejudicial in such examination as shown by

the record. Again, no objection was made by the defendant at the time.

(c) The exhibit received in evidence by the court on its own motion was later withdrawn by the court and was not submitted to the jury. If there was any error in the court's action it was cured by withdrawing the exhibit from the consideration of the jury. There was nothing prejudicial to the defendant in the comments the court made at the time in the presence of the jury.

### Fifth and Sixth Assignments of Error.

There is ample evidence in the record to justify the verdict of the jury, and the claim, that the verdict is against the manifest weight of the evidence, is not sustained by a preponderance of the evidence, is contrary to law and is not sustained by sufficient evidence, is without merit.

### Seventh Assignment of Error.

The court finds no error in the action of the court in overruling defendant's motion for a directed verdict for the defendant, there being ample evidence in the record to support all the essential averments set out by plaintiff in her petition.

### Eighth Assignment of Error.

The amount of a verdict is a question within the province of the jury and there is nothing in the record in this case to support the claim that the verdict is excessive or was given under the influence of passion and prejudice.

### Second Assignment of Error.

Defendant's second assignment of error is that the court erred in its general charge to the jury, first, in defining the issues, and, second, in assuming that the persons performing the work of removing a part of the floor of the hallway were the servants, agents and em-

ployees of the defendant, for whose negligence the defendant would be liable, and instructing the jury accordingly.

The portions of the charge complained of are as follows:

"Now directing your attention to the claim of the plaintiff against the defendant, the court finds the issues to be these:

"First: Was the defendant, his agents, servants and employees, negligent in one or more of the ways and manner claimed in plaintiff's petition and to which your attention has been directed?

"Second: If so negligent, was such negligence the direct and proximate cause of the injury to plaintiff as alleged?

"Third: If so negligent and so injured, was plaintiff damaged by reason thereof, and if so, in what amount?

"Fourth: Was the plaintiff guilty of contributory negligence, that is, negligence directly and proximately contributing to her injury?

"Fifth: Did the injuries complained of by the plaintiff result solely from her own negligence?"

Following that instruction the court charged the jury as to the burden of proof on the issues mentioned, and then as to the circumstances under which the defendant would be liable in case the work mentioned was performed by an independent contractor, as alleged by the defendant in his answer.

The court then charged the jury that "the negligence, if any, upon the part of the agent, servant and employee of the defendant, would be the negligence of the defendant"; and later charged that "the negligence, if any, upon the part of those you find to be the agents, servants and employees of the defendant, would be the negligence of the defendant."

The portions of the general charge above quoted are the ones of which the defendant complains.

As a second defense in his answer the defendant pleaded facts showing that prior to January 9, 1943, he entered into an oral contract with T. Cunningham, a plumbing contractor doing business in Marion, Ohio, to fix and repair a gas line on the second floor of Union Block, neither retaining nor exercising any control over the performance of the work, and that T. Cunningham thereafter, pursuant to the contract, performed the work which included the opening in the floor of the hallway above mentioned, as an independent contractor; and he contends that all the evidence in the case tends to prove that T. Cunningham, in his capacity as an independent contractor, performed this work through his own agents, servants and employees, A. J. Merkle and Harvey Bell, and that there is no evidence that the defendant caused the work to be performed by his own agents, servants and employees, or that A. J. Merkle and Harvey Bell, or either of them, were the agents, servants and employees of the defendant; and consequently that the court erred in defining the issues and in charging upon the subject of the negligence of the agents, servants and employees of the defendant.

The only evidence introduced by the plaintiff in any way reflecting on the relationship of the defendant to the plumbers engaged in doing the work, is the evidence of Helen Wiseman, the daughter of the plaintiff. This testimony is as follows:

"Q. And while you were in the apartment did Howard Lawson and someone come into the apartment? A. Yes.

"Q. Tell what happened when they came in there? A. I went in the front room to turn the radio off after

I had my lunch, and on my way out I thought I heard a key rattle in the door, and I didn't say anything, and I was standing by the bathroom door and Mr. Lawson and the plumber came in and they were looking at the pipe under the stove and walked back out and looked at the hole where it was cut out in the hall floor, and talked about it.

"Q. This hole was where? A. Where you go back the hall on the right hand side, a place about this wide and about that long.

"Q. How many inches or feet wide? A. I am not a good judge, but I know it was that big, because you can tell where it was, the boards had been taken up and put back.

"Q. About two feet long? A. Yes.

\*      \*      \*      \*      \*

"Q. When you say Howard Lawson and the plumber go out and look at this hole, what next happened? A. They went back downstairs."

All the evidence introduced by the defendant tended to prove that the work was performed by T. Cunningham as an independent contractor, through his agents, servants and employees, as above mentioned.

The question then arises whether the evidence quoted is sufficient to require the submission to the jury of the issue as to whether the persons actually engaged in the performance of the work were the agents, servants or employees of the defendant, Lawson, or the agents, servants and employees of Cunningham as an independent contractor.

Although we have made diligent search, we have been unable to find any reported cases in Ohio bearing on the question, but we have found the three following rules formulated from the decisions of the courts in other jurisdictions:

"As a general rule, no presumption exists that an employee is either a servant or an independent contractor, and the burden is upon the party having the affirmative of the issue to show the relation to be such as to entitle him to recover."

"It has been held that in an action against an employer for injuries, a presumption arises that a person working on the defendant's premises and performing work for the benefit of the defendant is a mere servant, and if the defendant seeks to avoid liability on the ground that such person is an independent contractor, the burden is upon him to show the independence of the employee." 27 American Jurisprudence, 538, Section 59.

"On the other hand, though such a doctrine has apparently not been explicitly formulated, it would at least seem to be a reasonable inference from the decisions as a whole that no presumption that the relation of the parties was that of master and servant can be entertained, when the case has been developed to a point at which the nature of the employment—whether general, or with a view to a specific result—the character of the work contracted for, and the industrial status of the person engaged have been disclosed by the testimony." 65 L. R. A., 460, footnote.

From a consideration of those rules we formulate a further rule which we feel is in accord with the Ohio decisions generally applicable to the subject matter, and this rule is that while no presumption arises that a person working on the defendant's premises and performing work for the benefit of the defendant is a mere servant, evidence of such facts is sufficient for the submission to the jury of an issue as to whether such person is working in the capacity of a servant for the defendant, and if the defendant seeks to avoid

liability on the ground that such person is an independent contractor, the burden is upon him to show the independence of the employee.

The testimony herein quoted tends to prove the existence of the relationship of master and servant between the defendant Lawson and the persons engaged in the manual performance of the work, within the rule above mentioned, and required the submission of an issue of such relationship to the jury, and the other testimony in the case required the submission of an issue as to whether the work was being performed by T. Cunningham as an independent contractor, through such persons as his servants, agents and employees, and, in the event the jury should find in the affirmative on that issue, the submission of a further issue as to whether T. Cunningham, his servants, agents and employees were negligent in one or more of the ways and manners claimed in plaintiff's petition; and, in the event the jury should find in the affirmative on that issue, the submission of a further issue as to whether such negligence was the direct and proximate cause of plaintiff's injury; and, if the jury should find in the affirmative on such issue, the submission of a further issue as to whether such injury might have been anticipated as a direct and probable consequence of the work contracted for, if reasonable care is omitted in the course of its performance. The court, therefore, erred in its charge to the jury in assuming that the relationship of master and servant existed between the defendant and the persons engaged in the manual performance of such work, and in defining the issues in the case.

There being error in the charge, the first assignment of error, refusal of the court to grant a new trial, is sustained.

The errors above mentioned were prejudicial to the defendant and require the reversal of the judgment of the Court of Common Pleas.

The judgment, therefore, is reversed at the costs of the plaintiff, appellee herein, and the cause is remanded for a new trial and further proceedings according to law.

*Judgment reversed.*

JACKSON, P. J., and GUERNSEY, J., concur.