McGREGOR, APPELLANT, *v.* HEITZMAN, APPELLEE.

(No. 7771—Decided October 19, 1953.)

*Messrs. Dolle, O'Donnell, Cash, Fee & Hahn,* for appellant.
*Messrs. Brumleve, DeCamp & Wood,* for appellee.

*Per Curiam.* The defendant was the owner of an unimproved tract of land adjoining the playground

of the Kilgour Public School. Its surface was level and was about three feet above the surface of the school yard. The dividing line was marked only by a row of trees and the declivity. In June 1951, the defendant's lot was covered by growing weeds and grass some two or three feet tall. The defendant was notified by public authority that he should cut the weeds. He had had the weeds cut in previous years, and proceeded to inquire to ascertain whom he could get to cut them for him this time. Through another person, and without any direct contact, he secured Charles Feck to do the cutting. Charles Feck had a team and a mower and held himself out to do mowing for anyone in the community who would employ him. In a conversation with Mrs. Charles Feck, the terms were agreed upon, Charles Feck to cut the weeds for $10. Charles Feck had in his employ a man who took care of the work for him. He was advanced in years, but there is no evidence that he was incompetent, and there is no evidence that the defendant had any information on that subject at the time he entered into the contract with Feck.

Feck sent his team and mower to the defendant's lot in charge of his employee, who started to cut the weeds with the mower. There were several school children playing in the school yard and some came upon the defendant's lot. They were ordered off the lot and the school supervisor gathered the children including the plaintiff about her and warned them against going on the defendant's lot. Notwithstanding the warning, some, including the plaintiff, returned to the lot.

The undisputed evidence is that the plaintiff, without the knowledge of Feck's employee, approached the mowing machine while it was in motion, stepped

from behind the sickle to immediately in front of it, and was caught by the sickle. Nevertheless, the driver of the mowing machine was able to stop it almost at once. The plaintiff was severely injured.

This action was instituted to recover damages for the injuries.

In his petition the plaintiff alleged the following as the basis for his claim of defendant's liability:

(1) Failure to warn plaintiff of the dangerous nature of the mowing machine or otherwise protect him from it.

(2) Failure to exercise reasonable care in the employment of the person to do the work and in permitting the work to be done by an incompetent.

(3) In doing the work at a time and manner so as to unnecessarily expose plaintiff to danger.

(4) In operating the machine when he knew or should have known that its operation was likely to cause harm to persons in the immediate vicinity.

The defendant, after admitting the injury to plaintiff by contact with the mower, in effect, entered a general denial. In explanation, he alleged that the mowing was being done by an independent contractor.

The issues of fact as made by the pleadings were submitted to a jury which returned a verdict for the defendant. Judgment was entered on the verdict for the defendant. That is the judgment now under review.

An examination of this record discloses that the plaintiff was warned of the danger and to keep off the lot, and that he went upon the lot notwithstanding. We fail to find any basis in the evidence for liability on this ground, even assuming that the evidence disclosed a situation where a duty to warn arose. We do not find that any such situation existed.

As to the claim of liability based on negligence in employing an incompetent, there is no evidence whatever that the operator was incompetent. Furthermore, there certainly is no evidence that the defendant knew of any such incompetency at the time this contract was made for the mowing of the weeds and grass.

While plaintiff asserted negligence in the manner of operating, no negligence was proven. It seems to be the plaintiff's contention that if the defendant mowed the weeds and grass on his own land, he was obliged to do it in such a way and at such a time as would preclude injury to any one who might happen to come upon the land without invitation, and especially because his lot adjoined the school yard where many children congregated and where the likelihood of trespassing was greater. We do not think any liability can rest on such a basis.

Notwithstanding his immature age, the plaintiff was a trespasser. Most favorably construed, his status could not be more than that of a licensee toward whom no duty to keep the premises in a safe condition existed. Furthermore, there was no evidence of any defect in the premises. It is not claimed that plaintiff was injured because of defective premises.

The defendant at no time personally came within such distance of the plaintiff that his personal action would likely cause harm to the plaintiff. The defendant can be brought into such closeness vicariously, through attributing to him responsibility for the conduct of the operator of the mowing machine, and that could be done only by a finding that the relation of master and servant existed between them, rather than the relation of independent contractor and contractee.

For the relation of master and servant to exist, the former must have the right to direct as to the mode

and manner of doing the work. If the employment is to have a certain result accomplished, leaving it to the employee as to the mode and manner of accomplishing that result, the relation of independent contractor and contractee is disclosed.

Feck had an independent business. He owned the team and mower. He held himself out to furnish service for all who might apply. He employed the operator. He chose the time of doing the work—when he should begin and stop. He was paid by the job and not by the time consumed. All these are indicia of the relation of independent contractor and contractee.

Counsel rely on *Benjamin* v. *Lawson,* 83 Ohio App., 159, 83 N. E. (2d), 95. We think it is clearly distinguishable. In that case, the defendant owner of an apartment building employed a plumbing contractor to repair gas pipes which necessitated making a hole in the floor of a hallway used by all tenants, of which the plaintiff was one. The hole was not properly guarded and plaintiff stepped into it and was injured. She sued for damages on account of her injuries.

The issues were submitted to a jury which found for the plaintiff. The appeal was from the judgment rendered on that verdict. Many errors were assigned, one of which was that there was no evidence of the relation of master and servant between the defendant and the plumbers sent to do the work by the plumbing contractor. At page 166, the court said that all the evidence introduced tended to prove that the *plumbing contractor's* relation was that of an independent contractor, and then said:

"The question then arises whether the evidence quoted is sufficient to require the submission to the jury of the issue as to whether *the persons actually engaged in the performance of the work were the*

*agents, servants or employees of the defendant, Lawson, or the agents, servants and employees of Cunningham as an independent contractor.*" (Emphasis ours.)

This statement was preceded by a quotation from the testimony tending to show that defendant had assumed to direct the persons who actually did the work. As a matter of fact the court reversed the judgment in *Benjamin* v. *Lawson, supra,* for error in the charge in assuming that the relation of master and servant existed.

In the case at bar the defendant did not interfere in any way between Feck and his employee. He did not assume to direct the mode and manner of doing the work.

Of course, had the defendant directed the mode and manner of doing the mowing, his liability, if any, would rest on that fact and not result from his contract with Feck, and Feck's status as an independent contractor in relation to the defendant would not necessarily be changed, but the relation between the defendant and the person actually doing the mowing would be radically altered. In effect, he would become the master and the mower his servant.

We can see no basis, however, for holding that the operator of the mower was the servant of the defendant. Accordingly, there is no legal basis for imposing responsibility for the negligence, if any, by the operator.

For these reasons, the judgment is affirmed.

*Judgment affirmed.*

MATTHEWS, P. J., ROSS and HILDEBRANT, JJ., concur.