OPINION
The defendants-appellants, Michael D. Hunt and McKinley Hunt, individually, and d.b.a Hunt Home Improvement ("HHI"), appeal the decision of the Hancock County Court of Common Pleas finding them vicariously liable for the negligence of Harold Smith ("Smith"), an independent contractor whom the appellants hired to replace the shingles on the roof of a home.[1] For the following reasons, we reverse the judgment of the trial court.
The pertinent facts and procedural history of the case are as follows. On April 16, 1993, the plaintiffs-appellees Stephen and Mary Stefanka entered into a written contract with HHI for the placement of interlocking shingles on the roof of their home, located in Liberty Township, Ohio. On May 4, 1993, HHI retained Harold Smith to perform the work on the Stefankas' roof. On that date, Smith signed an independent contractor agreement with HHI.[2]
On the morning of May 10, 1993, Smith, along with two of his workers, began working on the Stefankas' roof. Due to the hot weather, Smith and his workers quit working sometime that afternoon. On or about 4:00 p.m., a fire caused extensive damage to the Stefenkas' home.[3] At the time of the fire, Mary Stefanka was the only person present in the home. Mary managed to escape the burning home through the aid of a good Samaritan.
At the time of the fire, the Stefankas' home and personal property were insured through the plaintiff-appellee, The Mutual Insurance Company of Eagle Township ("Mutual Insurance"). As a result of the fire, Mutual Insurance paid a claim in the amount of $50,000 for the loss of the Stefankas' home, and a claim in the amount of $9,900 for the loss of the Stefankas' personal property.
On May 9, 1995, Mutual Insurance and Stephen and Mary Stefanka filed a complaint in the Hancock County Court of Common Pleas asserting the employees or agents of HHI, or the parties hired by them, had negligently caused the fire that had destroyed their home and personal property.[4] Mutual Insurance sought damages in the amount of $59,900, the amount representing the claims paid to the Stefankas.
The Stefankas sought damages in the amount of $25,000, the amount of damages exceeding the coverage limit stated in their homeowner's insurance policy. On July 31, 1995, the appellants filed their answer. In their answer, the appellants denied all liability on the basis that because Smith was an independent contractor, his negligence could not be imputed to them.
On September 13, 1996, the appellants filed a motion for summary judgment. By judgment entry of November 22, 1996, the trial court overruled the appellants' motion, and the case was set for trial.
On February 12, 1997, a bench trial was held in the Hancock County Court of Common Pleas.[5] By judgment entry of October 15, 1999, the trial court found that Smith and his workers had caused the fire by negligently discarding cigarettes in the vicinity of the "milkhouse" portion of the home.[6] The trial court further held the duties delegated to Smith were non-delegable, thus imputing liability to the appellants. The trial court also found the appellants had been negligent in hiring Smith. The trial court awarded damages in the amount of $59,900 to Mutual Insurance, and $13,600 to Stephen and Mary Stefanka.
The appellants now appeal, asserting four assignments of error for our review.
 Assignment of Error No. I
The trial court erred in granting judgment on the basis of vicarious liability under contract.
In their first assignment of error, the appellants maintain the trial court erred in finding they were negligent in hiring Smith and that the duties delegated to him were non-delegable.[7]
For the following reasons, we agree.
Initially, it is undisputed that Harold Smith was an independent contractor rather than an employee of the appellants.[8] The law is clear that an employer is not liable for the torts of his independent contractor, over whom the employer has not retained the right to control the manner or means of performing the work. Albain v. Flower Hosp. (1990), 50 Ohio St.3d 251,255, overruled on other grounds by Clark v. SouthviewHosp. Family Health Ctr. (1994), 68 Ohio St.3d 435; Bostic v.Connor (1988), 37 Ohio St.3d 144, paragraph one of the syllabus.
There are three generally recognized exceptions to the independent contractor rule. First, an employer may be directly liable for injuries resulting from its own negligence in selecting or retaining an independent contractor. Albain,50 Ohio St.3d at 257. Second, an employer may be held vicariously liable for the negligence of an independent contractor performing certain "non-delegable duties" which are imposed by statute, contract, franchise or charter, or by the common law. Id. Third, an employer may be held vicariously liable for the negligence of an independent contractor under the doctrine of agency by estoppel.Id; Rubbo v. Hughes Provision Co. (1941), 138 Ohio St. 178;Johnson v. Wagner Provision Co. (1943), 141 Ohio St. 584, paragraph four of the syllabus.
In their brief, the appellants initially argue the trial court erred in finding them liable on the basis that they had failed to select a competent contractor. The general rule in Ohio is that an employer must exercise reasonable care in the selection of a competent and careful independent contractor. Albain,50 Ohio St.3d at 258. An employer who engages an independent contractor with either actual or constructive knowledge that the contractor does not possess that measure of skill required for the proper performance of the work is liable for negligence in hiring the incompetent contractor. Fitzpatrick v. Miller Bros. Constr., Inc.
(Sept. 4, 1986), Adams App. No. 428-429-439, unreported; McGregorv. Heitzman (1953), 98 Ohio App. 473; Norris v. CitizensPublishing Co. (1932), 13 Ohio Law Abs. 177.
At the close of the trial, the trial court found the appellants were negligent in hiring Smith on the basis that they had negligently failed to inspect any of Smith's prior work, had failed to request references from him, and had neglected to conduct an extensive interview or extensive background check prior to hiring him as an independent contractor.
Having reviewed the evidence adduced at trial, we find otherwise. At trial, Michael Hunt, co-owner of HHI, testified that prior to hiring Smith, he questioned him regarding his ability to perform roofing jobs. According to Hunt, based upon Smith's answers, appearance, and the equipment he owned, he believed that Smith possessed the measure of skill required for the proper performance of the work. Although the appellants did not inspect any of Smith's prior work, did not request references from him, and did not conduct a background check, we cannot say they engaged Smith with either actual or constructive knowledge that Smith did not possess that measure of skill required for the proper performance of the work.
Moreover, even if the appellants were negligent in selecting Smith, their negligence was not the proximate cause of the fire. We have conducted a thorough review of the record, which affirmatively establishes the fire resulted from Smith and his workers having improperly disposed of lighted cigarettes in the vicinity of the "milkhouse" structure of the home. Such an accident was no more probable because the appellants had failed to inspect any of Smith's prior work, had failed to request references from him, or had failed to conduct an extensive interview or background check. Thus, for the foregoing reasons, we find merit to the appellants' first argument.[9]
We must now determine whether the trial court erred in finding the duties delegated to Smith were non-delegable. For reasons of public policy, an employer's duty is sometimes held to be non-delegable. Strayer v. Lindeman (1981), 68 Ohio St.2d 32, 34. Where a duty is deemed non-delegable, an employer is liable for the independent contractor's nonperformance or negligent performance. Albain, 50 Ohio St.3d at 261. Again, there are certain non-delegable duties that exist, whether created by statute, contract, franchise or charter, or by the common law.Id. Thus, when an employer assumes one of those duties he remains accountable for the independent contractor's performance regardless of the means used to effectuate the performance.Strayer, 68 Ohio St.2d at 36; citing Damron v. C.R. Anthony Co.
(1979), 586 S.W.2d 907, 913-914.
In the case herein, the trial court imputed liability to the appellants on the basis that they had entered into a written agreement with the Stefankas to repair the roof of their home. In the eyes of the trial court, because the appellants assumed a specific duty by contract, the duties delegated to them were non-delegable. We find otherwise. The mere existence of a service contract to perform routine work such as the placement of shingles on the roof of a home does not automatically create vicarious liability as to third persons for the negligent acts of an independent contractor. There must be a non-delegable duty, which has not been shown to exist here. Thus, we find the trial court erred in imputing liability to the appellants upon this basis.
Accordingly, the appellants' first assignment of error is sustained and the cause is reversed and remanded to the trial court for further proceedings consistent with this opinion.
As to the appellants' second, third, and fourth assignments of error, on consideration of our disposition of the appellants' first assignment of error, this Court finds they are rendered moot.
 ___________________________ HADLEY, P.J.
 WALTERS and BRYANT, JJ., concur.
[1] Harold Smith, a defendant in the action below, does not appeal the decision of the trial court.
[2] HHI did not notify the Stefankas that Smith had been hired to perform the work on their home.
[3] Later that evening, a rekindling of the fire caused further damage to the property.
[4] The appellees filed an amended complaint setting forth such claims as negligent selection, negligent hiring, negligent retention, and negligent supervision.
[5] At that time, a default judgment was entered against Harry Smith for failing to file an answer to the appellees' complaint.
[6] The milkhouse was located at the north end of the Stefankas' home.
[7] Although the trial court's judgment entry does not explicitly find the appellants liable under the doctrine of "negligent hiring", we find the trial court based its decision, in part, upon this theory of liability.
[8] We note that respondeat superior (liability imposed upon anemployer for the torts committed by its employees in furtheranceof their employment) is inapplicable. The doctrine of respondeatsuperior does not apply to an employer of an independent contractor.
[9] We also reject the trial court's decision imputing liability to the appellants on the basis that they had failed to ensure that Smith was independently insured. The agreement entered into between HHI and Smith mandates, in part, that Smith carry independent liability insurance. Therefore, the trial court should not have imputed liability to the appellants on this basis.