**ZENTKO, Plaintiff-Appellee, v. McKELVEY CO.,**

**Defendant-Appellant.**

Ohio Appeals, Seventh District, Mahoning County.

No. 3240.   Decided 1948.

W. L. Countryman and Leda C. Hartwell, Youngstown, for plaintiff-appellee.

Henderson & Henderson, John J. Lynch, Jr., Youngstown, for defendant-appellant.

530

**OPINION**

By PHILLIPS, J.

Late in the afternoon of October 20, 1943, while shopping for costume jewelry in a department store in Youngstown, Ohio, owned and then being operated by The G. M. McKelvey Company, a corporation defendant in the court of common pleas and referred to as such in this appeal, plaintiff in the court of common pleas and so designated in this opinion and Rosemary Klasic, a minor, were arrested by an employee of Kane Secret Service, Inc., which, by contract in existence nearly twenty years with such defendant corporation, was policing its store for the special protection of its property.

On October 21, 1943, plaintiff was charged by affidavit sworn to by such employee with unlawfully stealing, taking and carrying away personal property of defendant McKelvey Company of the value of $7.82, which charge was dismissed by a judge of the municipal court of Youngstown on October 20, 1945, "for failure to prosecute within period set by statutory limitation."

Thereafter plaintiff sued defendant and Kane Secret Service, Inc., in the court of common pleas for false arrest and malicious prosecution.

"On authority of **30 O. Jur. 774, Bates Pleading, Practice, 1932 Edition, page 92,** and also * * * **1 O Jur page 864**", the trial judge sustained defendant's motion made before the introduction of any evidence in the trial court to compel

defendant to elect against which of the defendants she would proceed, and she elected to proceed against defendant McKelvey Company.

At the close of all the evidence in the trial court the trial judge directed the jury to return a verdict for defendant McKelvey Company on plaintiff's first cause of action for false arrest on the ground that it was barred by the Statute of Limitations, which on authority of **25 O Jur., page 487,** he held commenced to run from the time she was jailed as stated hereafter; and submitted plaintiff's second cause of action for malicious prosecution to the jury, which returned a general verdict thereon for plaintiff for $1.00. The trial judge entered judgment upon the verdict of the jury for plaintiff. Defendant McKelvey Company appealed from that judgment to this court on questions of law on the assigned grounds that the trial judge erred to its prejudice in over-ruling its motions for a verdict directed in its favor made at the close of plaintiff's case, at the conclusion of all the evidence, and in its favor notwithstanding the verdict of the jury rendered against it.

By brief plaintiff "assigns as error" the action of the trial court in holding:—

"(1) that the person causing the arrest and prosecuting the plaintiff was an officer duly appointed by authority of law by the Chief of Police of Youngstown; and

"(2) in holding plaintiff's first cause of action barred by the Statute of Limitations."

Arriving at the conclusion we reach in this case we do not pass upon the quoted questions as to the "action of the trial court" which plaintiff "assigns as error". See §12223-21 (a) GC.

The evidence is decidedly conflicting and contradictory as to what happened in defendant's store on the afternoon of October 20, 1943, before plaintiff was arrested there.

Plaintiff's evidence is that she and Rosemary Klasic were shopping in the store of defendant McKelvey Company for

costume jewelry on the day and at the time stated supra; that eventually Rosemary Klasic chose a pin and matching earrings which she gave to plaintiff and asked her to pay for them, and then stepped to the nearby skirt and sweater counter to shop there; that later plaintiff also selected a pin and matching earrings and holding her selection and that of Rosemary Klasic in one hand and sufficient money to pay for them in the other hand, which she testified she intended to do, she stepped toward the skirt and sweater counter to ascertain the opinion of Rosemary Klasic on her selection; that simultaneously Rosemary Klasic started back to the costume jewelry counter and that they met a short distance from that counter; that Rosemary Klasic became impatient with the service they were receiving and had decided to go elsewhere to shop when the employee of Kane Secret Service, Inc., to whom reference is made supra, accosted them, took plaintiff by the arm and commanded both of them to accompany her to the rear of the store, where they were arrested by her, searched and the articles of costume jewelry to which reference has been made found on plaintiff; that then they were lodged and at her request detained by one of defendant McKelvey Company's employees (who verified plaintiff's testimony) in a little office at the rear of the store until the arrival of police officers of the City of Youngstown, who escorted them to the jail of that city in the police patrol at the request of such employee of Kane Secret Service, Inc., where plaintiff was booked, jailed overnight, arraigned, pleaded not guilty, and subsequently was released on bond.

The person who arrested them testified that prior to arresting plaintiff and Rosemary Klasic she saw them acting "peculiarly" at the jewelry counter of defendant company's department store, and subsequently pick up some articles of costume jewelry, all of which were found in plaintiff's possession later; admitted arresting them, having them jailed and executing the affidavit charging plaintiff with stealing as stated.

It is undisputed that Kane Secret Service, Inc., was an independent contractor when its employee arrested and swore to the affidavit charging plaintiff with stealing; and there is evidence that defendant corporation's employee Moody had a part in and aided and abetted the arresting person, as stated supra, by detaining plaintiff in its small office at the rear of the store.

Defendant waived its right to rely on the claimed error of the trial judge in overruling its motion for a verdict directed in its favor made at the close of plaintiff's case. See **Halkias,**

Appellee, v. Wilkoff Co., Appellant, 141 Oh St 139, where it is said in the second syllabus:—

"When a motion of a defendant for a directed verdict is made at the conclusion of plaintiff's evidence and overruled, the defendant has an election either to stand on his exception to the ruling or to proceed with his defense; and if he accepts the ruling, however erroneous it may be, and proceeds with his defense, introducing evidence on his own behalf, he thereby waives his right to rely on the denial of his original motion."

Considering carefully, as we have, the transcript of the docket and journal entries, the bill of exceptions, all the papers submitted to us for review, and the law applicable to this case, which we will discuss later, we believe the evidence presented questions for the determination of the jury as to defendant's liability to plaintiff, and that the trial judge did not err to defendant's prejudice in overruling its motions for a verdict directed in its favor made at the close of plaintiff's case nor at the conclusion of all the evidence and for a judgment entered in its favor notwithstanding the verdict of the jury returned against it. See Railroad v. Fieback, 87 Oh St, 254; Railroad Co. v. Deal, 116 Oh St, 408; Erie Railroad Company v. Johnson, 106 Fed. (2nd) 550; 11 R. C. L. 811; Kusnir v. Pressed Steel Company, 201 Fed. 146.

Disregarding the stated acts of participation admitted by its agent and employee Moody defendant corporation urges that plaintiff's arrest and prosecution were caused and brought about by Kane Secret Service, Inc., as stated a conceded independent contractor which was solely liable therefor.

Even though the employee of Kane Secret Service, Inc., acted illegally in the premises "due to the personal character of the services performed by a store detective whose duty it is to apprehend shoplifters, the store owner cannot delegate such duty to an independent contractor and thereby be relieved of liability to his customers for illegal acts of such detective." Szymanski, Appellee, v. The Great Atlantic & Pacific Tea Co., Appellant, 79 Oh Ap 407.

As stated by Carpenter, J., in the case of Szymanski, Appellee, v. Great Atlantic & Pacific Tea Co., Appellant, supra, the proposition of delegated duty in this case is "well stated in Adams v. F. W. Woolworth Co., 144 Misc., 27, 257 N. Y. Supp., 776, a parallel case to this:—

" 'There appear to be no direct precedents on the question of liability for a false arrest made by an independent con-

tractor detective agency. The tendency of our law, indicated above, would, however, clearly be toward the imposition of vicarious responsibility. Customers of Woolworth Company are invited into the store to buy its merchandise, for the profit of Woolworth Company. Can it be said that Woolworth Company can disclaim all duty of protecting them from the tortious acts of detectives brought by it into its own premises for the very purpose, among others, of making arrests of its customers? This is not the case of a contractor doing his work negligently. Where negligence is the sole basis of the liability, the doctrine of respondeat superior has been held inapplicable to independent contracts. Negligence does not enter into the tort of false arrest. The act itself, if not justified under the statute (section 183, Code of Criminal Procedure) is tortious, irrespective of negligence. Lowenthal was brought onto the premises to watch and also to arrest. Immunity from vicarious liability would permit any storekeeper to subject his customers to the hazards of an irresponsible detective agency without peril to himself. He would obtain all the benefit of the surveillance and punishment of shoplifters; he would be subject to none of the penalties for unjustified or unlawful arrests of law-abiding citizens. The opportunities for gross injustice afforded by such a doctrine are too manifest to permit its incorporation into the jurisprudence of our state, without compelling reason.' "

"That principle was laid down in an earlier decision, Clinch-field Coal Corp. v. Redd, 123 Va., 420, 434, 96 S. E., 836, as follows:—

" 'The owner of an operation or enterprise cannot, by securing through others special agents, even though they be officers of the law, for the prosecution of offenders around the plant, obtain any immunity from liability for malicious prosecutions which such owner would not be equally entitled to if he himself directly selected and paid the agents and expressly retained the power of control and removal. When he undertakes these functions, his duties are personal and non-assignable, and where he arranges for and accepts the service, he will not be permitted to say that the relationship of master and servant does not exist.' " Szymanski v. Great Atlantic & Pacific Tea Co., supra.

By brief counsel for defendant propounded the following question for our consideration, determination, and answer:—

"Did the court err in determining that there was some evidence in the case to overcome the presumption that Mrs.

Radowick made the arrest and commenced the prosecution while acting within the scope of her employment with McKelvey Company through Kane Secret Service, Inc., so as to make the issue a question for the jury rather than, as we contend, one of law for the court?"

Though we have answered this question heretofore herein we answer the question again specifically by saying in our opinion the evidence in the case presented questions for the determination of the jury on the issue of malicious prosecution, and that the trial judge did not err to defendant's prejudice in submitting the case from which this appeal is taken to the jury.

Finally it is observed that after the employee of Kane Secret Service, Inc., executed the affidavit charging plaintiff with unlawfully stealing, taking, and carrying away personal property of defendant McKelvey Company, the mother of Rosemary Klasic talked with an officer of defendant McKelvey Company regarding what had been and was being done with reference to her arrest and prosecution, and was advised that defendant McKelvey Company had discussed and given consideration thereto and had decided to abide by the acts of Kane Secret Service, Inc., with reference thereto, "he listened to me and said the officers of the McKelvey Company had dcided to go ahead with the prosecution and there was nothing that he could do for me", which in view of the subsequent prosecution of plaintiff we interpret as applying to plaintiff, as well as Rosemary Klasic, and as participation in her malicious prosecution by ratification, which on another ground supports our conclusion that the judgment of the court of common pleas must be and hereby is affirmed.

The judgment of the court of common pleas is affirmed.

CARTER, PJ, NICHOLS, J, concur in judgment.