HAYES, Appellee,

v.

GOLDSTEIN, d.b.a. ABC Bail Bonds, Appellant.■

[Cite as *Hayes v. Goldstein* (1997), 120 Ohio App.3d 116.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 70791.

Decided March 10, 1997.

*Ronnie Hayes, pro se.*

*Zuckerman & Assoc., Charles D. Price* and *Larry W. Zukerman,* for appellant.

DYKE, Judge.

Defendant Jeff Goldstein, doing business as ABC Bail Bonds, appeals from the judgment of the trial court entered in favor of plaintiff Ronnie Hayes, which imposed joint and several liability upon Goldstein and his independent contractor, Mike Cole. For the reasons set forth below, we affirm.

On September 19, 1995, plaintiff filed this action against Cole and Goldstein, doing business as ABC Bail Bonds (collectively, "ABC Bail Bonds"), seeking recovery of damages sustained when an agent of ABC Bail Bonds allegedly broke down the door of plaintiff's dwelling. ABC Bail Bonds denied liability and the matter proceeded to a hearing before a magistrate on November 28, 1995. The magistrate subsequently issued findings of fact and conclusions of law which provided in relevant part as follows:

"On August 19, 1995 Defendant Cole, a bounty hunter acting on behalf of Defendant Jeff Goldstein dba ABC Bailbonds [*sic*] on an independent contractor basis, arrived at about 5:30 a.m. at a home owned by Plaintiff and proceeded to kick the door down looking for a criminal fugitive. According to Plaintiff, the home was vacant. It was owned by his mother who had recently died. Plaintiff became the new owner and planned to rehabilitate the home.

" * * * *

"Defendant Cole, citing *Taylor v. Taintor,* 83 U.S. (16 Wall.) 366 [21 L.Ed. 287] (1872), claims in essence, that he had a qualified privilege to enter Plaintiff's home in his pursuit of the fugitive and that his liability is limited to any physical damages caused as a result of the break-in. Defendant Jeff Goldstein dba ABC Bailbonds [*sic*] claims that Defendant Cole is an independent contractor and therefore only Defendant Cole can be held liable for any damages arising out of the incident.

" * * * *

"In the instant case, Defendant Cole produced no evidence that the fugitive owned the house he broke into; there was no evidence to substantiate the veracity of the anonymous tip he received and therefore no way of gauging the reasonableness of his actions; and there was no evidence that he actually even saw the fugitive prior to breaking into the home at 5:30 a.m. Thus, the Court finds that Defendant Cole trespassed onto Plaintiff's property and is liable for all damages naturally and proximately flowing from his wrongful actions.

"As to Defendant Jeff Goldstein dba ABC Bail Bonds, the Court finds that Defendant Cole was an independent contractor and that ABC Bail Bonds exerted no direct control over the manner of Defendant Cole's work. Under normal circumstances this independent agency relationship would shield Defendant ABC Bail Bonds from any vicarious liability. However, the nature of the undertaking is personal in nature. In other words, the bondsman acquires complete control over the physical person of the fugitive. These are not the typical rights in a tangible or intangible asset or chattel. On the contrary, as the Court in *Taylor* stated 'The sureties had control of [the fugitive's] person' and its 'dominion was a continuance of [the fugitive's] original imprisonment.' This Court holds that this is a non-transferable or non-delegable right, and thus Defendant Jeff Goldstein may not escape liability on an independent-contractor theory."

The trial court adopted the recommendations of the referee and entered judgment for plaintiff and against defendants in the amount of $636.22. The court later reduced the damages to $450. ABC Bail Bonds appeals and assigns a single error for our review:

"The trial court erred to the prejudice of defendant-appellant ABC Bail Bonds in holding it liable for the acts of its independent contractor."

Within this assignment of error, ABC Bail Bonds complains that this matter does not involve a nondelegable duty because the apprehension of a fugitive is not an inherently dangerous activity. Rather, ABC Bail Bonds maintains that this activity only becomes dangerous only when improperly performed. We cannot accept this position.

The doctrine of joint and several liability has long been a part of the common law of Ohio. *Bowling v. Heil* (1987), 31 Ohio St.3d 277, 286, 31 OBR 559, 566–567, 511 N.E.2d 373, 380–381. An exception to this general rule is recognized when an employer has retained an independent contractor. *Bemmes v. Public Emp. Retirement Bd.* (1995), 102 Ohio App.3d 782, 791, 658 N.E.2d 31, 37; *Strayer v. Lindeman* (1981), 68 Ohio St.2d 32, 34, 22 O.O.3d 159, 160–161, 427 N.E.2d 781, 783–784. This exception does not apply, however, where the duty is deemed nondelegable and in those cases he is liable for their nonperformance or

negligent performance even though he has employed an independent contractor. *Id.* The *Lindeman* court explained:

" '[T]here are certain non-delegable duties that exist, whether created by contract, voluntary assumption or public policy, and when a person assumes one of those duties that person remains accountable for its performance regardless of the means used to effectuate the performance.' " *Id.* at 36, 22 O.O.3d at 161–162, 427 N.E.2d at 784, quoting *Damron v. C.R. Anthony Co.* (Tex.Civ.App.1979), 586 S.W.2d 907, 913–914. Accord *Albain v. Flower Hosp.* (1990), 50 Ohio St.3d 251, 260, 553 N.E.2d 1038, 1046–1047.

The rationale for this rule was set forth in *Covington & Cincinnati Bridge Co. v. Steinbrock & Patrick* (1899), 61 Ohio St. 215, 229, 55 N.E. 618, 621, as follows:

"It is urged as unreasonable that one who has work to perform, that he himself cannot perform, from want of knowledge or skill, should be held liable for the negligence of one whom he employed to do it, since, if he did reserve control, it would avail nothing from his own want of knowledge and skill. There is seeming force in this, but only so. It is not agreeable to the principles of distributive justice. For it is equally a hardship that one should suffer loss by the negligent performance of work which another procured to be done for his own benefit, and which he in no way promoted and over which he had no control. Hence where work is to be done that may endanger others, there is no real hardship in holding the party, for whom it is done, responsible for neglect in doing it. Though he may not be able to do it himself, or intelligently supervise it, he will nevertheless, be the more careful in selecting an agent to act for him. This is a duty which arises in all cases where an agent is employed; and no harm can come from stimulating its exercise in the employment of an independent contractor, where the rights of others are concerned."

Further, it has been determined that the business of acting as a surety for pay upon court bonds has a relation to the public health and safety. *State ex rel. Howell v. Schiele* (1949), 85 Ohio App. 356, 360, 40 O.O. 234, 236, 88 N.E.2d 215, 217–218.

In *Szymanski v. Great Atlantic & Pacific Tea Co.* (1947), 79 Ohio App. 407, 35 O.O. 177, 74 N.E.2d 205, the court held that where a store owner retains a store detective to apprehend shoplifters, such duties are personal and nondelegable. Accord *Zentko v. McKelvey* (App.1948), 54 Ohio Law Abs. 529, 88 N.E.2d 265. In *Joseph v. Consol. Rail Corp.* (Oct. 30, 1987), Butler App. No. CA87–05–065, unreported, 1987 WL 19481, the court determined that the essential fact upon which the *Szymanski* court rendered its judgment was that "the tortious conduct of the independent contractor directly flowed from the work the contractor was hired to perform, namely apprehending and arresting shoplifters."

■ Thus, by application of the foregoing, we concur with the trial court's conclusion that ABC Bail Bonds' duties are nondelegable. We are convinced that there is an indisputable danger inherent in the apprehension of one who has failed to answer to a charge levelled in a court of law or who has failed to abide by an order of a court, and that this activity presents danger even if undertaken with the utmost precaution. Moreover, the requisite activities are undeniably personal in nature. Further, as a matter of policy, we believe that employers should be required to carefully select and intelligently supervise their agents, or face liability for failing to do so. Accordingly, and pursuant to the principles set forth in *Szymanski* and *Joseph, supra*, we affirm the judgment of the trial court.

*Judgment affirmed.*

O'DONNELL, J., concurs.

DAVID T. MATIA, P.J., dissents.

DAVID T. MATIA, Presiding Judge, dissenting.

I respectfully dissent from the majority for the following reasons. In the case *sub judice*, the trial court held that Michael Cole was working for appellant ABC Bail Bonds as an independent contractor and that appellant did not exert direct control over Cole's work or actions. However, the trial court held appellant jointly and severally liable for the wrongful acts of Cole as it found that the apprehension of a fugitive is a nondelegable duty by nature. I disagree.

As the majority has stated, there exists a well-established principle of law that an employer is not liable for the acts of an independent contractor. However, there are a few exceptions to this rule, which are to be narrowly construed. In this case, the issue involves the "nondelegable duty" exception, *i.e.*, an employer may be held to duties which he cannot delegate to another. See *Strayer v. Lindeman* (1981), 68 Ohio St.2d 32, 34, 22 O.O.3d 159, 160–161, 427 N.E.2d 781, 783–784; *Lynch v. Karas Trucking, Inc.* (July 8, 1993), Cuyahoga App. No. 62606, unreported, 1993 WL 259576.

The magistrate, and ultimately the trial court, reasoned that the actions of a bail enforcement agent are nondelegable for the following reasons:

"As to Defendant Jeff Goldstein dba ABC Bail Bonds, the Court finds that Defendant Cole was an independent contractor and that ABC Bail Bonds exerted no direct control over the manner of Defendant Cole's work. Under normal circumstances this independent agency relationship would shield Defendant ABC Bail Bonds from any vicarious liability. However, the undertaking is personal in nature. In other words, the bondsman acquires complete control over the physical person of the fugitive. These are not the typical rights in tangible or

intangible assets or chattel. On the contrary, as the Court in [*Taylor v. Taintor* (1872), 83 U.S. (16 Wall.) 366 [21 L.Ed. 287]] stated, 'The sureties had control of [the fugitive's] person' and its 'dominion was a continuance of [the fugitive's] original imprisonment.' This Court holds that this is a non-transferable or non-delegable right, and thus Defendant Jeff Goldstein may not escape liability on an independent-contractor theory."

However, the central issue in *Taylor, supra*, was the forfeiture of a prisoner from one state to another. The language concerning the nature of bail and/or the control over a fugitive is mere dicta and cannot be considered binding precedent upon this court. Moreover, I do not believe that the act of exerting "complete control" over a fugitive in and by itself necessitates its designation as nondelegable.

This conclusion may seem at odds with a case the majority places great emphasis upon, *Szymanski v. Great Atlantic & Pacific Tea Co.* (1947), 79 Ohio App. 407, 35 O.O. 177, 74 N.E.2d 205. In that case the Court of Appeals for Lucas County held that "[d]ue to the personal character of the services performed by a store detective whose duty it is to apprehend shoplifters, the store owner cannot delegate such duty to an independent contractor and thereby be relieved of liability to his customers for illegal acts of such detective." *Id.* at paragraph two of the syllabus.

However, that case dealt with the ability of a store owner to delegate his statutorily imposed duty owed to his business invitees. In this case, there is no duty of care imposed by statute upon a bail bondsman. To invoke the nondelegable-duty exception to acts merely because they are personal in nature would allow the exception to swallow up the general rule regarding independent contractor liability.

Rather, I believe that a more rational approach is to analyze the nature of the work and/or duty performed by the independent contractor as opposed to the degree to which the work affects a third party. More specifically, I believe that the important distinction when determining whether an act is delegable is between work that is inherently dangerous by its very nature and work that is dangerous only when performed in a negligent and/or reckless manner. See *Albain v. Flower Hosp.* (1990), 50 Ohio St.3d 251, 261, 553 N.E.2d 1038, 1047–1048; *Newsome v. Longstaffe* (Jan. 22, 1988), Ashtabula App. No. 1312, unreported; *Joseph v. Consol. Rail Corp.* (Oct. 30, 1987), Butler App. No. CA87–05–065, unreported, 1987 WL 19481; *Amurri v. Columbus* (Feb. 28, 1985), Franklin App. Nos. 84AP–597, 84AP–598, 84AP–618, 84AP–681, 84AP–619 and 84AP–682, unreported, 1985 WL 9634.

For example, Ohio courts have recognized inherently dangerous work to include the operation of a burning dump, *Newcomb v. Dredge* (1957), 105 Ohio

App. 417, 6 O.O.2d 178, 152 N.E.2d 801; the demolition of a burned-out building, *Covington & Cincinnati Bridge Co. v. Steinbrock & Patrick* (1899), 61 Ohio St. 215, 55 N.E. 618; excavating portions of a public sidewalk, *Hauver v. Whalen* (1892), 49 Ohio St. 69, 29 N.E. 1049; and working around powerful electric fields, *Gordon v. Ponderosa, Inc.* (Apr. 26, 1991), Portage App. No. 90–P–2195, unreported, 1991 WL 70114.

I would agree with appellant that, by their very nature, the actions of a bail enforcement agent are not inherently dangerous. It is only when the agent acts in a negligent and/or dangerous manner that harm can occur. Since the actions of a bail enforcement agent do not involve the type of risks and precautions required as contemplated by the nondelegable exception, the appellant cannot be held jointly and severally liable for the wrongful actions of the independent contractor. For these reasons, I respectfully dissent.