OPINION
William McAlpine appeals from a common pleas court decision which granted summary judgment to the A-1 Bonding Company in connection with injuries that he sustained when two bounty hunters, Clarence Westley and Kenneth Abrams, apprehended him. McAlpine argues on appeal that the court erred because contradictory affidavits filed in the trial court raised factual issues and the court should have recused itself because of an alleged friendship with Don Shury, the owner of A-1 Bonding. After a review of the record here and applicable case authority, we have concluded that the assignments of error are not well taken, and therefore, we affirm the decision of the trial court.
The facts in this case reveal that on December 5, 1995, the grand jury indicted McAlpine for fleeing, eluding, and theft, and the A-1 Bonding Company posted his bond. Thereafter when McAlpine failed to appear, the court issued a bond forfeiture and capias. According to an affidavit filed by Shury, he provided a copy of the bond forfeiture notice to Westley upon his request and did not solicit their services or instruct Westley and Abrams on the manner in which to apprehend Westley.
Subsequently, on January 30, 1996, McAlpine noticed that his car had a flat tire, and proceeded to the nearest gas station to re-inflate the tire. According to an affidavit filed by McAlpine in this case, Westley or Abrams struck him on the back of the head as he tried to put air into his car tire, wrestled him to the ground, and struck him repeatedly with a flashlight until he lost consciousness. These allegations, however, are disputed by Abrams in his affidavit which contends that McAlpine initially appeared cooperative and then became violent which necessitated the use of force in order to apprehend him.
On October 8, 1997, after McAlpine returned to jail, he filed a complaint against A-1 Bonding, Westley, and Abrams alleging excessive use of force, cruel and unusual punishment in violation of his constitutional rights, assault and battery, and gross negligence. He then moved for summary judgment. At a case management conference on February 23, 1998, the court acknowledged that it knew Don Shury, the owner of A-1 Bonding, and as a result, on March 3, 1996, McAlpine asked the court to recuse itself, but the court declined to do so. A-1 Bonding then filed its motion for summary judgment, which the court granted, and dismissed the case against Westley and Abrams for lack of service. McAlpine now appeals from summary judgment entered in favor of A-1 Bonding and raises five assignments of error for our review. Because assignments of error I, III, IV, and V, concern similar issues, we shall discuss them together:
I.
 THE PLAINTIFF'S AFFIDAVIT SQUARELY CONTRADICTED THE FACTUAL ALLEGATIONS OF THE DEFENDANTS. THE FACTS IT ALLEGED WOULD HAVE SUPPORTED A JUDGMENT FOR THE PLAINTIFF UNDER CONSTITUTIONAL AND STATUTORY VIOLATIONS. SUMMARY JUDGMENT WAS THEREFORE IMPROPER ON THE RECORD BEFORE THE COURT.
III.
 TWO FALSE AFFIDAVITS MADE IN BAD FAITH. GENUINE ISSUES AS TO MATERIAL FACT EXISTS WHENEVER RELEVANT FACTUAL ALLEGATIONS IN PLEADINGS, AFFIDAVITS, DEPOSITION OR INTERROGATORIES ARE IN CONFLICT.
IV.
 AN ABUSE OF TRIAL COURT'S DISCRETION. THE TRIAL COURT DIDN'T RULE ON THE PLAINTIFF'S MOTION FOR SANCTIONS. THE TRIAL COURT ERRORS [SIC] IN NOT RULING ON THE NON-MOVING PARTY'S MOTION TO STRIKE THE SUMMARY JUDGEMENT [SIC] MOTION.
V.
 THE TRIAL COURT MADE A PREJUDICED DECISION ABOUT THE NONDELEGABLE AND DELEGABLE DUTIES OF SECURITIES.
McAlpine argues that the court erred in granting summary judgment because the affidavits raise genuine issues of fact concerning the excessive use of force by Westley and Abrams, in striking his motion for summary judgment, and in failing to recuse itself. A-1 Bonding maintains it is not liable for Westley and Abrams, who acted on their own initiative and urges the court properly granted summary judgment. The issue here concerns whether the trial court erred when it granted summary judgment in favor of A-1 Bonding.
We begin by noting Civ. R. 56 (C) concerns summary judgment and provides in part:
 * * * Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.
Civ. R. 56 (E) provides in relevant part:
 * * * When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.
In reviewing a motion for summary judgment, the court must construe the evidence and all reasonable inferences drawn therefrom in a light most favorable to the party opposing the motion. Morris v. Ohio Cas. Ins. Co. (1988), 35 Ohio St.3d 45;Harless v. Willis Day Warehousing (1978), 54 Ohio St.2d 64.
In Dresher v. Burt (1996), 75 Ohio St.3d 280, the court stated at 293:
 * * * However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden * * * to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party.
The court decided in Hayes v. Goldstein d.b.a. ABC Bails Bonds
(1997), 120 Ohio App.3d 116, this court stated:
 * * * Further, as a matter of policy, we believe that employers should be required to carefully select and intelligently supervise their agents, or face liability for failing to do so. * * *
In this case, the record contains affidavits from Don Shury and Kenneth Abrams, which indicated that A-1 Bonding did not solicit or instruct the bondsmen on the manner in which to apprehend McAlpine. McAlpine has not submitted any evidence to contradict the assertions regarding the actions of A-1 Bonding in this case. Consequently, he has failed to meet his burden in Dresher.
We note the trial court, at the time of its decision, failed to follow Hayes because that case had not yet been reported. Since the time of the trial court's ruling, however, Hayes has been reported, and today, we affirm our decision in Hayes. In part, we held:
 Duties owed by issuer of bail bond are nondelegable, so that issuer may not escape liability for actions of independent contractor who is retained to apprehend fugitive; there is indisputable danger inherent in apprehension of one who has failed to answer to charge levelled in court or abide by court order, and requisite activities are undeniably personal in nature.
In this case, the record does not demonstrate a genuine issue of material fact regarding the role assumed by A-1 Bonding. Without more, we cannot impute liability to the bonding company because no evidence of impropriety arising from the actions of A-1 Bonding has been presented. There is no evidence, for example, that A-1 retained anyone to apprehend McAlpine, and the only evidence here is that A-1 Bonding played no role directly or indirectly in retaining these bounty hunters. Accordingly, these assignments of error are not well taken.
II.
 THE TRIAL COURT OVER-RULED [SIC] PLAINTIFF'S MOTION FOR RECUSAL ON FEBRUARY 23, 1998 AT THE CASE MANAGEMENT CONFERENCE.
McAlpine urges the trial court erroneously denied his motion to recuse because the court admitted friendship with Don Shury. Upon review, we have determined that we lack the authority to review this assignment of error. In Jones v. Billingham (1995), 105 Ohio App.3d 8,11:
 The Chief Justice of the Supreme Court of Ohio, or his designee, has exclusive jurisdiction to determine a claim that a common pleas judge is biased or prejudiced. Section 5 (C), Article IV, Ohio Constitution. See Adkins v. Adkins (1988), 43 Ohio App.3d 95, * * *. We conclude that R.C. 2701.03
provides the exclusive means by which a litigant may claim that a common pleas judge is biased and prejudiced.
R.C. 2701.03 provides:
 (A) If a judge of the court of common pleas allegedly is interested in a proceeding pending before the court, allegedly is related to or has a bias or prejudice for or against a party to a proceeding pending before the court or a party's counsel, or allegedly otherwise is disqualified to preside in a proceeding pending before the court, any party to the proceeding or the party's counsel may file an affidavit of disqualification with the clerk of the supreme court in accordance with division (B) of this section.
R.C. 2701.03 sets for the correct method of filing a challenge of this nature. In conformity with Jones, we decline to review this matter because we have no authority to do so.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE, J., and MICHAEL J. CORRIGAN, J.,CONCUR.
 ________________________________ PRESIDING JUDGE TERRENCE O'DONNELL