32

STRAYER ET AL., APPELLANTS, *v.*
LINDEMAN ET AL., APPELLEES.

(No. 80-1830—Decided November 4, 1981.)

*Mr. Daniel E. Whiteley, Jr.,* for appellants.
*Messrs. Lindhorst & Dreidame* and *Mr. Stephen A. Bailey,* for appellees.

SWEENEY, J. In denying defendants-appellees' motion for summary judgment the trial court stated that deposition testimony of Linda Strayer and Mark Lindeman "clearly indicate[d] that Sylvester Brown was not the agent or servant of Mark A. Lindeman and/or Rita C. Lindeman at the time of the fire, but was an independent contractor." The court noted, however, that R. C. 5321.04(A) provides: "A landlord who is a

party to a rental agreement shall; * * *(2) make all repairs and do whatever is reasonably necessary to put and keep the premises in a fit and habitable condition." The court overruled the summary judgment motion on the basis that R. C. 5321.04 imposed non-delegable duties upon landlords and that any negligence on the part of an independent contractor employed by a landlord to satisfy those duties could be imputed to the landlord.

On the basis of the then recently announced decision in *Thrash* v. *Hill* (1980), 63 Ohio St. 2d 178, the Court of Appeals entered judgment for the Lindemans, reasoning that because a landlord could not be held responsible in tort for damages suffered as a result of his failure to comply with duties imposed by R. C. 5321.04, similarly he could not be held liable for the negligence of an independent contractor hired by him to satisfy that duty, even if the statutory duty be deemed non-delegable.[1]

However, even under the common law, the rule is that "[w]hen the lessor does in fact attempt to make repairs, whether he is bound by a convenant to do so or not, and fails to exercise reasonable care, there is general agreement that he is liable for resulting injuries to the tenant, or to members of his family or others on the premises in his right." Prosser on Torts (4 Ed.), 410-411, Section 63. See, also, 33A Ohio Jurisprudence 2d 341, Landlord and Tenant, Section 436.

In general, an employer is not liable for the acts of an independent contractor. 3 Ohio Jurisprudence 3d 332, Agency, Section 216. However, there are exceptions to this rule. For example, an employer may be held to duties which he cannot delegate to another, and in those cases he is liable for their nonperformance or negligent performance even though he employs an independent contractor. 3 Ohio Jurisprudence 3d 335, Agency, Section 217. In the landlord-tenant context this principle is set forth in Section 19.1 of the Restatement of Property 2d at page 270 as follows:

---

[1] But, see, *Shroades* v. *Rental Homes* (1981), 68 Ohio St. 2d 20. Note also that in *Thrash* v. *Hill, supra,* the landlord's alleged liability was grounded upon his failure to take any measures to comply with R. C. 5321.04. In the instant case, in contrast, alleged liability was based upon allegations of negligence in the actual performance of repairs.

"A landlord who employs an independent contractor to perform a duty which the landlord owes to his tenant to maintain the leased property in reasonably safe condition is subject to liability to the tenant, and to third persons upon the leased property with the consent of the tenant, for physical harm caused by the contractor's failure to exercise reasonable care to make the leased property reasonably safe."

The question thus arises whether a similar exception to the general rule of non-imputability exists where no common law duty to repair is recognized for the breach of which an action in tort will lie, but the landlord nevertheless hires an indepedent contractor to make repairs to the leased premises. The Restatement answers this question in the affirmative:

"A landlord who employs an independent contractor to make repairs which the landlord is under no duty to make, is subject to the same liability to the tenant, and to others upon the leased property with the consent of the tenant, for physical harm caused by the contractor's negligence in making or purporting to make the repairs as though the contractor's conduct were that of the landlord." Restatement of Property 2d 276, Section 19.3.[2]

We agree with the foregoing statements of law. As pointed out in *Damron* v. *C. R. Anthony Co.* (Tex. Civ. App. 1979), 586 S.W. 2d 907, at 913-914, the basis of liability under the principles of the Restatement is:

"* * * the assumption of a duty by the landlord to perform a particular act for the tenant. Whether the duty is assumed gratuitously or by contract, the landlord has primary liability for discharge of the duty and cannot insulate himself from the negligent discharge of the duty by his independent contractor.

---

[2] See, also, Prosser on Torts (4 Ed.), 411-412, Section 63:

"When the lessor entrusts the repairs to an independent contractor, the general weight of authority is that his duty of care in making them cannot be delegated, and he will be liable for the contractor's negligence. Nearly all courts are agreed on this where the work is done on a part of the premises over which the lessor has retained control, or where it is pursuant to his contract with the tenant, but there is a division of opinion where no control is retained and the repairs to the leased premises are gratuitous. Even here the better view seems to be that the tenant's right to rely on the landlord is such that the responsibility cannot be shifted; and the more recent cases have tended to take this position."

"* * *

"* * * [T]here are certain non-delegable duties that exist, whether created by contract, voluntary assumption or *public policy,* and when a person assumes one of those duties that person remains accountable for its performance regardless of the means used to effectuate the performance." (Emphasis added.) [3]

The General Assembly has deemed it the public policy of the state of Ohio that "[a] landlord who is a party to a rental agreement shall * * * [m]ake all repairs and do whatever is reasonably necessary to put and keep the premises in a fit and habitable condition." R. C. 5321.04(A)(2). We hold today that when a landlord employs an independent contractor to make repairs in compliance with the statutory duties imposed by R. C. Chapter 5321, the landlord cannot thereby insulate himself from liability arising out of the negligent performance of those repairs. Rather, the negligence of such independent contractor, if any, is imputable to the landlord. In such a situation, the general rule that the negligence of an independent contractor is not imputable to his employer does not apply.

Denial of the Lindemans' motion for summary judgment is consistent with this holding. Therefore the judgment of the Court of Appeals is reversed.

*Judgment reversed.*

CELEBREZZE, C. J., LOCHER and C. BROWN, JJ., concur.

W. BROWN, J., concurs in the judgment.

HOLMES and KRUPANSKY, JJ., dissent.

HOLMES, J., dissenting. I am unable to concur in the majority opinion herein upon the basic premise of my dissent in *Shroades* v. *Rental Homes* (1981), 68 Ohio St. 2d 20, at 29, *i.e.,* that R. C. 5321.04 does not provide that a landlord may be held responsible in tort for damages suffered as a result of his failure to comply with the duties imposed by such section of law.

---

[3] See, also, Prosser on Torts, *supra,* at page 411:

"It has been said that the lessor's liability does not rest upon his standing in the relation of landlord, but rather on his course of affirmative conduct endangering the plaintiff."

Additionally, the common law rule applicable to the liability of a landlord who undertakes repairs of rental premises should pertain here. That rule is to the effect that the lessor may only be held responsible in tort for his failure to exercise reasonable care in proceeding with such repairs. See Prosser on Torts (4 Ed.) 410, 411, Section 63.

Neither under the common law, nor under R. C. 5321.04, may the negligence of the independent contractor employed by this landlord be imputed to the landlord.

KRUPANSKY, J., concurs in the foregoing dissenting opinion.