OPINION
This timely appeal arises from a Mahoning County Court of Common Pleas judgment entry sustaining Appellee's motion for summary judgment. For the following reasons, we affirm the judgment of the trial court.
Appellant, Auto-Owners Insurance Co., is the insurer of Uniforms of Youngstown, Inc. (Uniforms of Youngstown). Uniforms of Youngstown leases commercial space at the Colonial Plaza, 3107 Belmont Avenue, Youngstown, Ohio from H.L. Libby Corp (Libby). In September, 1995, Libby entered into a contract with Appellee, Old Time Roofing, whereby Appellee was to perform certain work on the roof of the Colonial Plaza. After Appellee completed the work, Uniforms of Youngstown allegedly suffered damage when water leaked through the roof. Uniforms of Youngstown submitted a claim to Appellant for property damage, damage to personal property and loss of business. Appellant paid a total of fifty-seven thousand forty-six dollars and sixty-five cents ($57,046.65) to Uniforms of Youngstown on the claim.
Appellant instituted a subrogation action against Appellee and Libby. Appellant's complaint alleged negligence on the part of Appellee and breach of a lease agreement by Libby. Appellant subsequently voluntarily dismissed Libby pursuant to Civ.R. 41 (A) but stated no reason for the dismissal. Following discovery, Appellee moved for summary judgment claiming that Appellee owed no duty to Appellant for lack of privity of contract. Appellant responded that Appellee owed a duty in tort as it was foreseeable that Appellee's negligent workmanship would damage a tenant of the building under repair. In a judgment entry filed on September 15, 1998, the trial court granted Appellee's motion for summary judgment without stating specific reasons.
Appellant filed its notice of appeal on September 9, 1998. Appellant's sole assignment of error alleges:
 "THE TRIAL COURT ERRED IN FINDING THAT THE DEFENDANT/APPELLEE OWED NO DUTY OF ORDINARY CARE TO PLAINTIFF/APPELLANT'S INSURED, UNIFORMS OF YOUNGSTOWN, INC."
Appellant asks us to apply a common law negligence analysis and to determine that Appellee owed a duty directly to Uniforms of Youngstown as it was foreseeable that damage would result to a tenant occupying the building under repair if Appellee acted negligently in making those repairs. Appellant analogizes his case to Durham v. Warner Elevator Mfg. Co. (1956), 166 Ohio St. 31, where the defendant negligently failed to service an elevator and a building employee was injured when the elevator fell twenty-three feet to the basement. In Durham, the Ohio Supreme Court found that where one under a contract undertakes to service and examine another's mechanical equipment, and that equipment is of a nature as to make it reasonably certain that life and limb will be endangered if the work is negligently performed, that party has a duty to perform in a reasonable and proper manner. Id., paragraph two of the syllabus. Appellant asserts broadly that the Durham court found that where injury occurs to a blameless person, not a party to the contract, the injured person has a right of action directly against the offending contractor. Id.
Appellant also cites a body of authority which holds that privity of contract is not necessary for a duty to exist as liability is based on an independent tort duty imposed by law.See, Talley v. Skelly Oil Co. (Kan. 1967), 433 P.2d 425, Johnsonv. Oman Constr. Co. (Tenn. 1975), 519 S.W.2d 782. At least one Ohio court appears to recognize such a theory. In Jackson v.Franklin (1988), 51 Ohio App.3d 51, the Montgomery County Court of Appeals has found there exists a rule whereby a contractor is liable to any person who may foreseeably be injured by his actions.
Appellee responds that Appellant's claim is limited to that found in the contract between Appellee and Libby and that only a party to a contract or an intended third-party beneficiary may bring an action on a contract. Grant Thornton v. Windsor House,Inc. (1991), 57 Ohio St.3d 158, 161. Appellee states that there is no evidence that either he or Libby intended for Appellant to benefit from the roofing contract. As such, Appellee contends that Appellant is merely an incidental beneficiary with no enforceable rights under the contract. Appellee further argues that Appellant's only claim lies against Libby under the lease agreement. This is because Libby specifically agreed to maintain the exterior of the leased premises by contract.
Based on the record herein, we find that Appellant's argument lacks merit. Civ.R. 56 (C) which reads in part:
"(C) Motion and proceedings
 "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action show that there is no genuine issue of any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule."
"* * *
"(E) Form of affidavits * * *
 "Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit. Sworn or certified copies of all papers or parts of papers referred to in an affidavit shall be attached to or served with the affidavit."
When reviewing a motion for summary judgment, an appellate court must review the judgment independently with no deference given to the trial court's decision. Bell v. Horton (1996),113 Ohio App.3d 363, 365. In addition, summary judgment under Civ.R. 56 is proper where:
 "(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds could come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party."
Welco Industries, Inc. v. Applied Cos. (1993), 67 Ohio St.3d 344,346 quoting Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327.
In the present matter, the record demonstrates that the material facts are not in dispute. Appellee attached to his motion for summary judgment an affidavit setting forth the contract with Libby wherein Appellee was to make certain roof repairs on the Colonial Plaza and that this contract was not for the specific benefit of any party other than Libby. Appellee's affidavit also sets forth that after completion of the work, Libby brought certain claims against Appellee. As to this, Appellee incorporated a release that Libby executed in Appellee's favor but which did not admit liability.
In response, Appellant submitted the affidavit of Bernice Hasden, manager of Uniforms of Youngstown and survivor of Meyer Hasden, former owner/manager of Uniforms of Youngstown. Hasden relates that Uniforms was a tenant of Libby at the Colonial Plaza pursuant to a commercial lease. Hasden also stated that in September, 1995, Libby hired a roofing company to repair the roof of the Colonial Plaza and that after the repairs, Uniforms of Youngstown suffered substantial property damage and loss of business due to rainwater leaking through the roof. Finally, Hasden stated that its' insurer, Appellant, paid Uniforms of Youngstown $57,046.65 as compensation for property loss, loss of business and damage to improvements owned and installed by Uniforms.
Appellant also submitted the affidavit of its branch manager, John R. Ash, II, who stated that Appellant insures Uniforms of Youngstown and paid $57,046.65 in losses to Uniforms and to which amount Appellant is subrogated. Ash also related that Appellant's expert witness determined that Appellee negligently and improperly installed the roof on the Colonial Plaza which caused the damage to Uniforms. While this statement is not proper evidence in this matter, the expert's deposition which contains this determination was filed and is part of the record.
As neither party opposed the facts set forth by the other, there is no dispute of material fact. Therefore we must determine whether Appellee is entitled to judgment as a matter of law. Appellee correctly argues that a party not in privity may not bring an action on a contract as, "* * * the absence of `privity' between the parties makes it difficult to impose any duty to the plaintiff upon the contract itself." Prosser and Keeton, Torts (5th Ed. 1984) 667, § 93. In Hill v. Sonitrol ofSouthwestern Ohio, Inc. (1988) 36 Ohio St.3d 36, the Ohio Supreme Court set forth the proper analysis to determine whether a party who is not privy to a contract has enforceable rights under the contract:
 "* * * if the promisee * * * intends that a third party should benefit from the contract, then that third party is an `intended beneficiary' who has enforceable rights under the contract. If the promisee has no intent to benefit a third party, then any third party beneficiary to the contract is merely an `incidental beneficiary' who has no enforceable rights under the contract."
Id., 40.
In the matter before us, Appellee stated that he had no intent to benefit Appellant when he contracted with Libby. Appellant did not dispute this claim when responding to Appellee's motion for summary judgment. Appellant did not present evidence that Libby, as promisee and no longer an adverse party to Appellant, intended that the contract benefit Appellant's insured. As such, it is undisputed that Uniforms was merely an incidental beneficiary to the contract between Appellee and Libby. Therefore, there was no contractual duty extending to Appellant's insured.
We are left only with the question posed by Appellant regarding a tort duty independent of the contract. The existence of a duty is an essential element in a cause of action alleging negligence. Strother v. Hutchinson (1981), 67 Ohio St.2d 282,285, citing Feldman v. Howard (1967), 10 Ohio St.2d 189,193. There is no set formula for ascertaining whether a duty exists. Mussivand v. David (1989), 45 Ohio St.3d 314, 318. While the scope and extent of a duty is a question of fact, the existence of such a duty is ordinarily a question of law. Id.
Duty, "is the court's `expression of the sum total of those considerations of policy which lead the law to say that the particular plaintiff is entitled to protection.'" Id., quoting Prosser, Law of Torts (4 Ed. 1971) 325-326. To determine if the imposition of a duty in a given set of circumstances is justified, courts look to, "the guidance of history, our continually refined concepts of morals and justice, the convenience of the rule, and social judgment as to where the loss should fall." Id., quoting Prosser, Palsgraf Revisited (1953), 52 Mich.L.Rev. 1, 15.
It has been stated that when contracting with one party:
 "[T]he defendant may place himself in such a relation toward [a third party] that the law will impose upon him an obligation, sounding in tort and not in contract, to act in such a way that [the third party] will not be injured. The incidental fact of the existence of the contract * * * does not negative the responsibility of the actor when he enters upon a course of affirmative conduct which may be expected to affect the interests of another person."
Prosser and Keeton, 667-668, § 93
 "The question is: Has the defendant broken a duty apart from the contract? If he has merely broken his contract, none can sue him but a party to it, but if he has violated a duty to others, he is liable to them."
Prosser and Keeton, 667-668, § 93.
Appellant argues for the application of several Ohio cases which he contends would find an independent tort duty is owed to his insured. In Durham v. Warner Elevator Mfg. Co., supra, the Ohio Supreme Court held that:
 "Where one, under a written contract, undertakes to service and examine the mechanical equipment of another and make a report on the condition thereof, and the equipment is of such a nature as to make it reasonably certain that life and limb will be endangered if such work is negligently performed, he is chargeable with the duty of performing the work in a reasonably proper and efficient manner, and if such duty is negligently or carelessly performed whereby injury occurs to a blameless person, not a party to the contract and lawfully using such equipment, such injured person has a right of action directly against the offending contractor. Liability in such instance is not based upon any contractual relation between the person injured and the offending contractor, but upon the failure of such contractor to exercise due care in the performance of his assumed obligations."
Id., paragraph two of the syllabus.
In Bennison v. Stillpass Transit Co. (1966), 5 Ohio St.2d 122, the Ohio Supreme Court commented on its holding in Durham. The court stated that in Durham, "* * * it was evident that the purpose of the contract was to provide maintenance of the elevator so that it would be safe for use by anyone. The act of negligence was not merely the breach of contract, but the failure to perform the duty owed both to the other party to thecontract and to anyone else properly using the elevator."Bennison, 125 (emphasis original).
Given the language of Durham and the explanation inBennison, Durham is clearly distinguishable from the present case. The holding in Durham is exceptionally fact specific. In the present case, Appellee did not undertake to examine and repair mechanical equipment. Rather, the contract was to do work on a fixed structure. Furthermore, the record reflects that no structural modifications were involved as the contract called only for the application of roofing material. As such, we cannot say that the present case involved work of such nature that, if performed negligently, would put life and limb in danger. The greatest reasonable risk was water damage, which unfortunately occurred. We also note that in Bennison, the court relied on the fact that the obvious purpose of the contract in Durham was to benefit anyone who used the elevator. Although the court did not specifically require that a plaintiff be in privity of contract, the notion of purpose sounds in the intended beneficiary analysis. In the matter at bar, Appellant's failure to put forth evidence that its insured was an intended beneficiary precludes any analogy to Durham as further explained by the Bennison Court.
Appellant would have us adopt the body of law relied on by the First District Court of Appeals in Jackson v. Franklin,supra. In that case, the court stated broadly that, "[i]t is now the almost universal rule that the contractor is liable to all those who may foreseeably be injured by the structure, not only when he fails to disclose dangerous conditions known to him, but also when the work is negligently done." Id., 53 citing Moran v. Pittsburgh-Des Moines Steel Co. (C.A. 3, 1948)166 F.2d 908, Hunter v. Quality Homes, Inc., (1949),45 Del. Super. Ct. 100, 68 A.2d 620.
No matter how broadly written, Jackson is distinguishable from the present matter as it involved the construction of a swimming pool and the positioning of life-guard chairs. The court did not impose an independent tort duty on the defendant contractor as the contractor merely complied with plans provided by the other contracting party. Id., 55. Regardless, we are not prepared to adopt such a broad, general rule as espoused by the other states and which we feel is inappropriate when applied to the facts of this case.
We are unpersuaded by Appellant's arguments that Appellee owed a duty in tort directly to Appellant's insured, Uniforms of Youngstown. We are convinced by the record in this case that no such duty existed. Attached to Appellant's complaint is a copy of the lease agreement between Libby and Uniforms of Youngstown. In Article XIV, paragraph 1, of that agreement, Libby undertook the duty to maintain the exterior and structural portions of the premises. Such an undertaking by contract constitutes a nondelegable duty in the lessor. Knickerbocker Bldg. Services,Inc. v. Phillips (1984), 20 Ohio App.3d 158, 161-162. InKnickerbocker, the court followed the decision in Strayer v.Lindeman (1981), 68 Ohio St.2d 32 where the Ohio Supreme Court stated that a residential landlord who hires a contractor to make repairs to the leased premisses is as liable for harm caused by the contractor's negligence in making repairs as if the contractor's conduct were that of the landlord.Knickerbocker, 160 citing Strayer, syllabus of the court. TheKnickerbocker court reasoned that although the Strayer decision was based on a nondelegable duty to make repairs as found in Ohio's landlord-tenant statute, R.C. Chapter 5321, which provision does not apply to commercial leases, a nondelegable duty could be created by a commercial lease agreement.Knickerbocker, 161-162.
The Knickerbocker court held that:
 "* * * there are certain non-delegable duties that exist, whether created by contract, voluntary assumption of public policy, and when a person assumes one of those duties that person remains accountable for its performance regardless of the means used to effectuate the performance."
Knickerbocker, 161 quoting Damron v. C.R. Anthony Co. (Tex.Cv.App. 1979), 586 S.W.2d 907, 914.
It is apparent herein that Appellant is attempting to shift Libby's contractual duty to maintain the exterior of the leased premises to Appellee. Appellee was merely hired as a means to satisfy Libby's obligation. What is not apparent is the reasoning behind Appellant's voluntarily dismissal of Libby from the action. This reasoning is particularly inexplicable as Libby was a necessary link for recovery.
It is clear from Appellant's uncontroverted evidence presented in opposition to summary judgment that Appellee negligently performed its duties under the contract between Appellee and Libby. As we have already discussed, however, Appellant is precluded from a claim on the contract for lack of privity. While Appellant has not sought such recovery, instead seeking to hold Appellee directly in tort, neither the record nor the law establishes an independent duty in Appellee toward Appellant. As such, we affirm the decision of the trial court.
Cox., P.J., dissents; see dissenting opinion. Donofrio, J., concurs.
APPROVED:
 _____________________________ CHERYL L. WAITE, JUDGE