As with regards to the decision of the majority upon appellant's argument that appellee had a non-delegable duty to provide a secure premises, I must respectfully dissent.
While the evidence indicated that the decedent was a trespasser, the majority appropriately noted that appellee was nonetheless under a duty to refrain from willful, wanton or reckless conduct which would be likely to injure the trespasser.Gladon v. Greater Cleveland Regional Transit Auth. (1996),75 Ohio St.3d 312, 317. The court in Hayes v. Goldstein/ABC BailBonds (Feb. 27, 1997), Cuyahoga App. No. 70791, unreported, quoted the Ohio Supreme Court in Strayer v. Lindeman (1981), 68 Ohio St.2d 32,34, in discussing which duties are non-delegable, stating:
 "`* * * there are certain non-delegable duties that exist, whether created by contract, voluntary assumption or public policy, and when a person assumes one of those duties that person remains accountable for its performance regardless of the means used to effectuate the performance.'" (Emphasis added)
I agree with the court in Hayes, supra, wherein it stated, "* * * as a matter of policy, we believe that employers should be required to carefully select and intelligently supervise their agents, or face liability for doing so." The employer of an independent contractor need not exercise a vast amount of control over the manner in which the contractor performs its duties, to avoid vicarious liability. However, an employer may not turn its back and show indifference to an independent contractor's performance, especially after being placed on notice of such contractor's potential wrongdoing.
In the case at bar, public policy dictates that appellee did not have the authority to fatally shoot a helpless person, regardless of whether that person was a trespasser. Similarly, appellee could not allow its independent contractor to commit such wrongdoing. Appellee had a duty to refrain from engaging in willful, wanton or reckless conduct which would likely cause injury to the decedent. Gladon, supra. Since this obligation is deeply rooted in public policy, it thereby became a non-delegable duty. Appellee also had a duty to provide intelligent, minimal supervision of Eric Bator and Youngstown Security Patrol, Inc.Hayes, supra. The evidence presented indicated that appellee breached this duty, as prior to the incident in question appellee knew that the security guards were carrying firearms onto its premises. (Tr. 394). The evidence also indicated that prior to the incident in question, one of the security guards inappropriately engaged in target practice inside of appellee's building. (Tr. 784). Appellee thereafter did not inquire about the use of firearms by the security guards, but instead thought that such activity was immaterial. (Tr. 801). Furthermore, appellee did not engage in any communication or supervisory contact with Youngstown Security Patrol, Inc., even after the incident involving the security guard conducting target practice inside of its building. Therefore, reasonable minds could have found from the evidence presented that appellee breached the public policy duty to conduct intelligent, minimal supervision of either Youngstown Security Patrol, Inc. and/or Eric Bator, the lack of which allowed Eric Bator to commit a wanton, willful or reckless act against the decedent. Hayes, supra; Gladon, supra.
Moreover, it is noted that appellee cites R.C. 2125.01, which states:
 "* * * No action for the wrongful death of a person may be maintained against the owner or lessee of the real property upon which the death occurred if the cause of the death was the violent unprovoked act of a party other than the owner, lessee, or a person under the control of the owner or lessee, unless the acts or omissions of the owner, lessee, or person under the control of the owner or lessee constitute gross negligence."
Appellee argues that appellant did not produce enough evidence to demonstrate that its actions constituted gross negligence. However, viewing the evidence in a light most favorable to appellant, reasonable minds could have found that appellee's failure to communicate with or minimally supervise Youngstown Security Patrol, Inc. and/or Eric Bator resulted in gross negligence.
Therefore, I would find that the trial court erred in granting appellee's motion for directed verdict. As such, I would reverse and remand this cause for further proceedings in accordance with the law and consistent with this dissent.
 ______________________________ EDWARD A. COX, PRESIDING JUDGE