DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Highland County Common Pleas Court judgment in favor of the Highland County Board of Commissioners (HCBC), Highland County Board of Mental Retardation, and High-Co, Inc., defendants below and appellees herein. The trial court determined that Jesse R. Stevens and Cynthia Stevens, plaintiffs below and appellants herein, failed to establish that the appellees negligently caused Jesse R. Stevens (Stevens) to slip and fall on a wet floor.
 {¶ 2} Appellants raise the following assignments of error:
 {¶ 3} First Assignment of Error:
 {¶ 4} "The trial court erred when it found in favor of the defendant, Highland County Board of Commissioners, and dismissed the complaint against said defendant."
 {¶ 5} Second Assignment of Error:
 {¶ 6} "The trial court erred when it found in favor of defendants, Highland County Board of Mental Retardation and High-Co, Inc. and dismissed the complaint against said defendant."
 {¶ 7} On April 8, 1999, at approximately 5:00 p.m., Stevens left his office at the Ohio Bureau of Employment Services (OBES), which is located in a building that HCBC leased to OBES. As Stevens walked in the hallway to exit the building, he slipped and fell on a wet floor that employees of Highland County Board of Mental Retardation and High-Co, Inc. (collectively referred to as High-Co) had mopped.
 {¶ 8} Appellants filed a complaint against HCBC and High-Co. On January 2, 2004, the court held a bench trial. The evidence showed that at least three of Stevens' co-workers had left the building immediately before he did and that each one recognized that the floor was wet. In fact, one of the co-workers who left at the same time as Stevens warned that the floors were wet. Stevens, however, claimed that he did not notice that the floor was wet. He maintained that he has poor eyesight. Stevens further stated that he walked slowly and used a cane due to a hip replacement.
 {¶ 9} After hearing the evidence, the trial court entered judgment in appellees' favor. The court found that the wet condition of the floor "was open, obvious, and visible to any reasonable person." The court also determined that appellants failed to show that HCBC had actual or constructive notice of the wet condition of the floor. The court also concluded that High-Co complied "with any duty that it owed [Stevens] regarding its actions relating to the wet mopping of the floor at the location in question." Appellants filed a timely notice of appeal.
 {¶ 10} In their two assignments of error, appellants assert, in essence, that the trial court's judgment is against the manifest weight of the evidence. "It is well-settled law that `[j]udgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence.'" Sharp v. Norfolk W. Ry. Co. (1995),72 Ohio St.3d 307, 313, 649 N.E.2d 1219 (quoting C.E. Morris Co. v. FoleyConstr. Co. (1978), 54 Ohio St.2d 279, 376 N.E.2d 578, syllabus); see, also, Shemo v. Mayfield Hts. (2000),88 Ohio St.3d 7, 10, 722 N.E.2d 1018. When reviewing a claim that a trial court's judgment is against the manifest weight of the evidence, a reviewing court must employ "an extremely deferential standard of review." State ex rel. Pizza v. Strope (1990),54 Ohio St.3d 41, 45-46, 560 N.E.2d 765 (citing Seasons Coal Co. v. Cleveland
(1984), 10 Ohio St.3d 77, 461 N.E.2d 1273). Thus, even "some" evidence is sufficient to sustain the judgment and prevent a reversal. See Barkley v. Barkley (1997), 119 Ohio App.3d 155,159, 694 N.E.2d 989; Willman v. Cole, Adams App. No. 01CA25, 2002-Ohio-3596, at ¶ 24; Simms v. Heskett (Sep. 18, 2000), Athens App. No. 00CA20.
 {¶ 11} Moreover, a reviewing court must "be guided by a presumption that the findings of the trier-of-fact were indeed correct." Seasons Coal, 10 Ohio St.3d at 80. Reviewing courts should presume that the trier of fact's findings are correct because "the [fact finder] is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony." Id. Thus, a trier of fact is free to believe all, part, or none of the testimony of any witness who appeared before it. See, e.g., Rogers v. Hill (1998), 124 Ohio App.3d 468, 470,706 N.E.2d 438; Stewart v. B.F. Goodrich Co. (1993),89 Ohio App.3d 35, 42, 623 N.E.2d 591; Spurlock v. Douglas, Lawrence App. No. 02CA19, 2003-Ohio-19; CHR Enterprises Ltd. v. Demint,
Hocking App. No. 02CA9, 2002-Ohio-6531.
 A {¶ 12} In their first assignment of error, appellants claim that the trial court improperly concluded that the open and obvious doctrine relieved HCBC of a duty. Appellants contend that because Stevens' sight is not up to par, the condition was not open and obvious to him. Appellants alternatively assert that if the condition was open and obvious, then it should not apply because Stevens did not have an alternative exit from the building. Without citation to any Ohio case law, appellants argue that the "choice of paths rule" applies, which they state as follows:
 {¶ 13} "[W]here a person has a choice between two courses or methods, one of which is perfectly safe and the other is subject to obvious risks and he voluntarily chooses the latter and is injured, he is guilty of contributory negligence sometime as a matter of law. This rule applies only if two distinct routes exist, one clearly recognizable as safe and the other involving danger."
 {¶ 14} Appellants further argue that HCBC is liable for High-Co's negligence, the independent contractor it employed to mop the floors. HCBC asserts that it cannot be liable under appellants' negligence theory because, as the trial court found, it did not have either actual or constructive knowledge of the condition of the floor. HCBC further argues that the wet condition of the floor was an open and obvious hazard that relieved it of a duty. HCBC also contends that appellants waived their "alternate route" argument by failing to raise it during the trial court proceedings. HCBC additionally disputes appellants' claim that it is liable for High-Co's negligence.
 {¶ 15} A successful negligence claim requires a plaintiff to prove: (1) the defendant owed the plaintiff a duty of care; (2) the defendant breached the duty of care; and (3) as a direct and proximate result of the defendant's breach, the plaintiff suffered injury. See Texler v. D.O. Summers Cleaners (1998),81 Ohio St.3d 677, 680, 693 N.E.2d 217, 274; Jeffers v. Olexo
(1989), 43 Ohio St.3d 140, 142, 539 N.E.2d 614, 616; Menifee v.Ohio Welding Products, Inc. (1984), 15 Ohio St.3d 75,472 N.E.2d 707.
 {¶ 16} Whether a defendant owed a plaintiff a duty is a fundamental aspect of establishing actionable negligence.Jeffers, supra. As the Jeffers court stated:
 {¶ 17} "`* * * If there is no duty, then no legal liability can arise on account of negligence. Where there is no obligation of care or caution, there can be no actionable negligence.' (Footnotes omitted.) 70 Ohio Jurisprudence 3d (1986) 53-54, Negligence, Section 13. Only when one fails to discharge an existing duty can there be liability for negligence."
 {¶ 18} Id., 43 Ohio St.3d at 142; see, also, Strother,
supra. Whether a duty exists on the part of a particular defendant is a question of law for the court to decide. SeeMussivand v. David (1989), 45 Ohio St.3d 314, 318,544 N.E.2d 265, 270; Wheeling Lake Erie RR. Co. v. Harvey (1907),77 Ohio St. 235, 240, 83 N.E. 66, 68; see, also, Midwestern Indem.Co. v. Wiser (June 22, 2001), Ashtabula App. No. 2000-A-0055, unreported; Arsham v. Cheung-Thi Corp. (May 31, 2001), Cuyahoga App. No. 78280, unreported.
 {¶ 19} In a premises liability case, the relationship between the owner or occupier of the premises and the injured party determines the duty owed. See, e.g., Gladon v. Greater ClevelandRegional Transit Auth. (1996), 75 Ohio St.3d 312, 315,662 N.E.2d 287, 291; Shump v. First Continental-Robinwood Assocs.
(1994), 71 Ohio St.3d 414, 417, 644 N.E.2d 291, 294. A business premises owner or occupier possesses the duty to exercise ordinary care in maintaining its premises in a reasonably safe condition, such that its business invitees will not unreasonably or unnecessarily be exposed to danger. Paschal v. Rite AidPharmacy, Inc. (1985), 18 Ohio St.3d 203, 203, 480 N.E.2d 474,475. A premises owner or occupier is not, however, an insurer of its invitees' safety. See id. While the premises owner must warn its invitees of latent or concealed dangers if the owner knows or has reason to know of the hidden dangers, see Jackson v. KingsIsland (1979), 58 Ohio St.2d 357, 358, 390 N.E.2d 810, 812, invitees are expected to take reasonable precautions to avoid dangers that are patent or obvious. See, e.g., Brinkman v. Ross
(1993), 68 Ohio St.3d 82, 84, 623 N.E.2d 1175, 1177; Sidle v.Humphrey (1968), 13 Ohio St.2d 45, 233 N.E.2d 589, paragraph one of the syllabus. As the court stated in Sidle:
 {¶ 20} "An owner or occupier of premises is under no duty to protect a business invitee against dangers which are known to such invitee or are so obvious and apparent to such invitee that he may reasonably be expected to discover them and protect himself against them."
 {¶ 21} Id., paragraph one of the syllabus. When the open and obvious doctrine applies, it obviates the duty to warn and acts as a complete bar to any negligence claim. Armstrong v. Best BuyCo., Inc., 99 Ohio St.3d 79, 2003-Ohio-2573, 788 N.E.2d 1088, at ¶ 13.
 {¶ 22} Additionally, in a slip and fall case against an owner or occupier, "the plaintiff must show that the defendant had, or in the exercise of ordinary care should have had, notice of the hazard for a sufficient time to enable him, in the exercise of ordinary care, to remove it or warn patrons about it." Presleyv. Norwood (1973), 36 Ohio St.2d 29, 31, 303 N.E.2d 81 (citingAnaple v. Standard Oil Co. (1955), 162 Ohio St. 537,127 N.E.2d 128; Johnson v. Wagner Provision Co. (1943), 141 Ohio St. 584,49 N.E.2d 925).
 {¶ 23} In the case at bar, the trial court determined that appellants' negligence claim against HCBC must fail because they failed to establish that HCBC had either actual or constructive knowledge of the condition of the floor. We do not believe that the trial court's decision on this issue is against the manifest weight of the evidence. Appellants did not present any evidence showing that HCBC knew that the floor was wet and potentially slippery. Because appellants failed to prove that HCBC had actual or constructive knowledge of the alleged hazard, whether the alleged hazard was an open and obvious danger that relieved HCBC of a duty to warn is not of consequence to our resolution of appellants' first assignment of error. We need not, therefore, address appellants' "alternate route" argument[1] or whether the open and obvious doctrine applies to Stevens due to his poor eyesight and his hip replacement.
 {¶ 24} Appellants nonetheless argue that HCBC is liable for High-Co's negligence. Generally an employer is not liable for an independent contractor's negligence. See Pusey v. Bator (2002),94 Ohio St.3d 275, 279, 762 N.E.2d 968; Bemmes v. Pub. Emp.Retirement Sys. Of Ohio (1995), 102 Ohio App.3d 782, 791,658 N.E.2d 31; Clark v. Southview Hosp. Family Health Ctr.
(1994), 68 Ohio St.3d 435, 438, 628 N.E.2d 46. The rule applies in the landlord-tenant context. See Strayer v. Lindeman (1981),68 Ohio St.2d 32, 427 N.E.2d 781; Knickerbocker Bldg. Services,Inc. v. Phillips (1984), 20 Ohio App.3d 158, 160,485 N.E.2d 260. However, an exception to the general rule exists when the employer has a nondelegable duty. See Pusey v. Bator (2002),94 Ohio St.3d 275, 279, 762 N.E.2d 968. In Pusey, the court explained the nondelegable duty exception as follows:
 {¶ 25} "Nondelegable duties arise in various situations that generally fall into two categories: (1) affirmative duties that are imposed on the employer by statute, contract, franchise, charter, or common law and (2) duties imposed on the employer that arise out of the work itself because its performance creates dangers to others, i.e., inherently dangerous work. Prosser 
Keeton, The Law of Torts (5 Ed. 1984) 511-512, Section 71;Albain v. Flower Hosp. (1990), 50 Ohio St.3d 251, 260-261,553 N.E.2d 1038, 1047-1048. If the work to be performed fits into one of these two categories, the employer may delegate the work to an independent contractor, but he cannot delegate the duty. In other words, the employer is not insulated from liability if the independent contractor's negligence results in a breach of the duty."
 {¶ 26} Id. at 279.
 {¶ 27} In the case sub judice, HCBC, a commercial landlord who employed an independent contractor, is not liable for the independent contractor's alleged negligence. Nothing in the lease agreement prohibits the landlord from delegating the mopping of the floors to an independent contractor. The lease agreement specifies nineteen duties that HCBC agreed to perform, such as providing (1) heating and air conditioning, (2) hot and cold water, (3) landscaping services, and (4) carpet cleaning. The lease agreement contains a section entitled "Janitorial Services," which included mopping the floors, but this section was crossed out and the notation "Workable Arrangement" appears alongside the crossed-out section. Nowhere in the lease did HCBC retain the duty to mop the floors. Appellants did not present any evidence showing that HCBC otherwise had an affirmative duty to mop the floors that was imposed on it by statute, contract, franchise, charter, or common law or that the work was inherently dangerous. Therefore, the nondelegable duty exception does not apply and the general rule that an employer is not liable for an independent contractor's negligence applies.
 {¶ 28} Appellants' reliance on Strayer, supra, is misplaced. In Strayer, the court held:
 {¶ 29} "A landlord who employs an independent contractor to make repairs is subject to the same liability to the tenant, and to others upon the leased property with the consent of the tenant, for harm caused by the contractor's negligence in making or purporting to make the repairs as though the contractor's conduct were that of the landlord."
 {¶ 30} Id. at syllabus. In reaching its holding, the court explained:
 {¶ 31} "The General Assembly has deemed it the public policy of the state of Ohio that `[a] landlord who is a party to a rental agreement shall * * * [m]ake all repairs and do whatever is reasonably necessary to put and keep the premises in a fit and habitable condition.' R.C. 5321.04(A)(2). We hold today that when a landlord employs an independent contractor to make repairs in compliance with the statutory duties imposed by R.C. Chapter 5321, the landlord cannot thereby insulate himself from liability arising out of the negligent performance of those repairs. Rather, the negligence of such independent contractor, if any, is imputable to the landlord. In such a situation, the general rule that the negligence of an independent contractor is not imputable to his employer does not apply."
 {¶ 32} Id. at 36.
 {¶ 33} "Immediately noticeable is the Supreme Court's rationale for its holding, that being that the legislature has deemed it the public policy of this state that residential
landlords have a responsibility and duty to insure thatresidential rental premises are in a fit and habitable condition." Knickerbocker Bldg. Services, Inc. v. Phillips
(1984), 20 Ohio App.3d 158, 161, 485 N.E.2d 260 (emphasis sic). Thus, the holding in Strayer does not apply to commercial leases. See id. (stating that the R.C. Chapter 5321 duties imposed upon a landlord and discussed in Strayer apply only to residential premises).
 {¶ 34} Appellants also appear to argue that HCBC somehow owes Stevens, an employee of a tenant, a higher duty than that of an ordinary business invitee. We disagree. Appellants have not cited any case law supporting such a theory and we have not located any cases supporting their argument.
 {¶ 35} Accordingly, based upon the foregoing reasons, we overrule appellants' first assignment of error.
 B {¶ 36} In their second assignment of error, appellants assert that the trial court incorrectly found that the open and obvious doctrine applied to relieve High-Co of a duty. They contend that under the rule set forth in Simmers v. Bentley Constr. Co.
(1992), 64 Ohio St.3d 642, 597 N.E.2d 504, the open and obvious doctrine does not apply to independent contractors.
 {¶ 37} We agree with appellants that under Simmers, the open and obvious doctrine does not apply to an independent contractor who does not possess a property interest in the premises upon which the plaintiff suffers injury. In Simmers,
the supreme court distinguished between applying the open and obvious doctrine to negligence claims against landowners, or those who have an interest in the land, from claims against non-landowners, or those persons who conduct activity on the land with the consent of the landowner.
 {¶ 38} In Simmers, the landowner, CSX, contracted with a construction company, Bentley, to repair a bridge that CSX owned. Bentley accidently created a fifteen-and-a-half-by-four-foot hole on the walkway. Bentley did not repair or barricade the hole and subsequently, the plaintiff was injured when he fell through the hole. The supreme court applied the open and obvious doctrine to bar the plaintiff's recovery against CSX, the landowner, but not against Bentley, the contractor. The court stated:
 {¶ 39} "The rule relieving a defendant from liability for harm resulting from `open and obvious' hazards is a legal doctrine that has developed in suits against property owners by a person injure when he comes on the property. * * *
 {¶ 40} Historically, a landowner's liability in tort is incident to the occupation or control of the land, which involves the owner's right and power to admit and exclude people from the premises. * * * The `open and obvious' doctrine, therefore governs a landowner's duty to persons entering the property — property over which the landowner has the right and power to admit or exclude persons as invitees, licensees, or trespassers."
 {¶ 41} Id. at 644-45.
 {¶ 42} With respect to the independent contractor, however, the court was "not persuaded to extend the `open and obvious' doctrine to persons who conduct activity with the consent of the landowner but who themselves have no property interest in the premises." Id. at 645. Thus, the court held "that an independent contractor who creates a dangerous condition on real property is not relieved of liability under the doctrine which exonerates an owner or occupier of land from a duty to warn those entering the property concerning open and obvious dangers on the property."[2] Id.; see, also, Tecco v. Columbiana Co.Jail (Dec. 29, 2000), Columbiana App. No. 00-CO-24.
 {¶ 43} The court then explained that because the open and obvious doctrine did not apply to the independent contractor, ordinary negligence principles applied to determine the independent contractor's liability. Id. at 645. Simmers
recognized, however, that applying general negligence principles to an independent contractor did not completely render the open and obvious doctrine inapplicable. Instead, the court explained that the open and obvious doctrine could apply to determine a plaintiff's comparative negligence. The court stated:
 {¶ 44} "Issues of comparative negligence are for the jury to resolve unless the evidence is so compelling that reasonable minds can reach but one conclusion. * * * Under the comparative negligence statute, the factfinder apportions the percentage of each party's negligence that proximately caused the plaintiff's damages. * * *."
 {¶ 45} Id. at 646.
 {¶ 46} In the case at bar, based upon our review ofSimmers, we believe that the trial court incorrectly applied the open and obvious doctrine in finding that High-Co did not owe Stevens a duty. Although High-Co asserts that we may nevertheless affirm the court's judgment because the court found that Stevens' comparative negligence far outweighed its alleged negligence, we do not believe that the trial court reached this stage of the analysis. Rather, the court concluded that because the hazard was open and obvious, High-Co did not owe Stevens a duty. Without a finding of duty, the court had no negligence to compare. Consequently, we remand the matter to the trial court so that it can engage in the proper analysis. The court must (1) analyze High-Co's liability under general negligence principles, and (2) consider whether Stevens' comparative negligence bars his claim. We emphasize, however, that our disposition of this assignment of error should not be construed as a comment on the merits of this issue.[3]
 {¶ 47} Accordingly, based upon the foregoing reasons, we sustain appellants' second assignment of error. We affirm in part and reverse in part the trial court's judgment and remand this matter for further proceedings consistent with this opinion.
Judgment affirmed in part, reversed in part and remanded for further proceedings consistent with this opinion.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed in part, reversed in part and remanded for further proceedings consistent with this opinion. Appellees and appellants shall equally divide the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Highland County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Kline, P.J. Harsha, J.: Concur in Judgment Opinion.
[1] We note that at least one Ohio court has rejected a similar argument. See Steiner v. Ganley Toyota-Mercedes Benz, Summit App. No. 20767, 2002-Ohio-2326 (stating that even if traversing wet floor was unavoidable, open and obvious doctrine still applied).
[2] The four justices in the majority offered little explanation as to why the rule should be different when applied to independent contractors. Justice Wright's concurring in part and dissenting in part opinion noted:
"[T]he majority ignore[d] the rule of law recited in 2 Restatement of the Law 2d, Torts (1965), Section 383, [which is] followed by several other jurisdictions. That section reads as follows:
`One who does an act or carries on an activity upon the land on behalf of the possessor is subject to the same liability, and enjoys the same freedom from liability, for physical harm caused thereby to others upon and outside of the land as though he were the possessor of the land'"
Id. at 647 fn.3 (Wright, J., concurring in part and dissenting in part).
Justice Wright criticized the majority's holding, stating:
"Under the law set forth by the majority, an independent contractor who digs a foundation for a house — a deliberately constructed condition of the land that under most circumstances would certainly constitute an open and obvious hazard — will henceforth not be immune from suit by those who, by license or trespass, come upon the land and are injured by falling into that hazard. To impose the risk of liability upon a contractor who is acting upon the wishes of the landowner and within the expected scope of his employment, while relieving the owner of such liability, seems most unfair."
Id. at 647-48.
[3] We recognize that the extra layer of analysis thatSimmers requires could be characterized as an unnecessary exercise. See, also, Justice Wright's dissent at64 Ohio St.3d 642, 647, 597 N.E.2d 504, 508. Nevertheless, as an intermediate appellate court we are obligated to follow Ohio Supreme Court decisions and we have done so in this case also recognizing the consternation this may cause the trial court.