DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from judgments of the Lucas County Court of Common Pleas, denying relief from a summary judgment in a negligence action. Because we conclude that a restaurant has no duty to protect a customer from hot rolls that are not unusually hot, we affirm.
 {¶ 2} On February 21, 2002, appellant, Matthew Gauci, was chaperone to a group of students when the group stopped at a Toledo restaurant operated by appellee, Ryan Family Steakhouses, Inc. Following dinner, appellant's charges engaged in an activity which involved the participants stuffing dinner rolls into their mouths. When appellant chose to participate in this "game," he selected hot rolls which had only recently been delivered to the table. According to appellant's deposition testimony, he inserted "two or more" of the rolls into his mouth. Although appellant found these hot rolls only warm to the touch, when he bit down on the rolls in his mouth, he was burned by steam escaping from the interior of the rolls.
 {¶ 3} On November 12, 2002, appellant sued appellee alleging that its negligence caused his injury. Following discovery, appellee moved for summary judgment, arguing that appellant had failed to establish that it had a duty to warn or protect appellant from his unusual consumption of hot rolls. When appellant failed to respond to appellee's summary judgment motion within the time set by local rule, the court granted summary judgment. Appellant's subsequent plea for relief from judgment, pursuant to Civ.R. 60(B), was unavailing.
 {¶ 4} Appellant now brings this appeal, setting forth the following three assignments of error:
 {¶ 5} "A. The trial court abused its discretion when it denied plaintiff-appellant's motion for relief from judgment pursuant to rule 60(B)(1) of the ohio rules for civil procedure.
 {¶ 6} "B. The trial court erred as a matter of law when it granted appellee's motion to summary judgment.
 {¶ 7} "C. The trial court abused its discretion when it denied plaintiff-appellant's motion for leave to file his brief in opposition to appellee's motion for summary judgment, instanter."
 Denial of Reply {¶ 8} In his third assignment of error, appellant insists that the trial court abused its discretion when it denied him leave to file a memorandum in opposition to appellee's summary judgment motion after the time provided in the local rule expired. This issue is moot because appellant had the opportunity to put forth the same responses and arguments before the court by way of his Civ.R. 60(B) motion. Consequently, he was not prejudiced by the ruling of which he now complains. Appellant's third assignment of error is not well-taken.
 II. Meritorious Claim {¶ 9} In his first two assignments of error, appellant maintains that the trial court erred in denying his motion for relief from judgment and in granting appellee's motion for summary judgment in the antecedent ruling. Summary judgment is appropriate only when there is no question of material fact and the movant is entitled to judgment as a matter of law. Civ.R. 56(E); Harless v. Willis Day Warehousing Co. (1978),54 Ohio St.2d 64, 67. Relief from judgment should only issue if the moving party has a meritorious claim should relief be granted.G.T.E. Automatic Electric v. ARC Industries (1976),47 Ohio St.2d 146 paragraph two of the syllabus.
 {¶ 10} To prevail in a negligence action, the plaintiff must show that the defendant had a duty to the plaintiff which the defendant breached and that the breach was the proximate cause of the plaintiff's injury. Mussivand v. David (1989),45 Ohio St.3d 314, 318. The existence of a duty is a question of law to be determined by the court. Id., citing Wheeling L.E.R. Co. v.Harvey (1907), 77 Ohio St. 235, 240. The common law duty of care is the degree of care that is ordinarily exercised by a reasonable and prudent person under the same or similar circumstances to avoid injuring others. Id. at 318-319.
 {¶ 11} Appellant conceded in his deposition that he knew before he entered appellee's restaurant that rolls can be served hot. Appellant has presented no evidence — or even alleged — that the hot rolls he was served were materially hotter than those served at this or any other restaurant. Appellant has presented no evidence — or even alleged — that he has any condition which gives rise to any special duty to him. He has not alleged any statutory or other special duty owed to him. Consequently, the duty owed to him by appellee is one of ordinary care as might be afforded any other adult diner.
 {¶ 12} Since the hot rolls were not extraordinarily hot, appellee had no duty to warn appellant of this condition. Since the rolls were in no way adulterated, appellee had no duty to warn of adulterated food. Appellee had no duty to anticipate that appellant would stuff multiple hot rolls in his mouth. Ordinarily one has no duty to protect another from his or her own folly. See Keeton, Prosser and Keeton on Torts (5ed. 1984) 199.
 {¶ 13} Absent a duty extending from appellee to appellant, appellee is entitled to judgment as a matter of law and appellant is without a meritorious claim. Accordingly, appellant's first and second assignment of error are not well-taken.
 {¶ 14} Upon consideration whereof, the judgment of the Lucas County Court of Common Pleas is affirmed. Cost to appellant.
Judgment affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Knepper, J., Pietrykowski, J., Singer, J., concur.