JOURNAL ENTRY and OPINION
{¶ 1} This cause came on to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the trial court records and briefs of counsel.
 {¶ 2} Plaintiff-appellant William T. Silvers, Jr. (appellant) appeals from the trial court's decision dismissing his complaint for professional malpractice against defendant-appellee Karen Bardenstein, Ph.D. (appellee). After reviewing the facts of the case and pertinent law, we affirm.
 I. {¶ 3} On June 20, 2001, Mona Patterson (Patterson) instituted a legal proceeding to modify appellant's visitation rights with their minor child. Patterson retained appellee to provide a psychological evaluation and custody recommendation regarding the child for the purpose of this proceeding. Prior to this, appellee was the minor child's counselor.
 {¶ 4} On August 24, 2004, appellant filed a complaint against appellee, alleging that she "negligently failed to conform to the standards established for the psychological profession,"[1]
by violating a duty of care owed to appellant to not engage in dual relationships. On November 8, 2004, appellee filed a motion to dismiss, arguing that appellant did not have standing to bring the action because she owed him no duty. On January 13, 2005, the court granted appellee's motion to dismiss.
 II. {¶ 5} In his sole assignment of error, appellant argues that "the trial court erred in granting defendant/appellee's motion to dismiss." Specifically, appellant argues that appellee owed him a duty to comply with the standards of care within her profession; she breached that duty by engaging in a dual relationship; and this breach caused appellant harm because he incurred attorney's fees defending himself against Patterson's motion to modify visitation.
 {¶ 6} The standard for reviewing the granting of a motion to dismiss is de novo. Sobiski v. Cuyahoga County Dept. of Childrenand Family Servs., Cuyahoga App. No. 84086, 2004-Ohio-6108. "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson (1957), 355 U.S. 41, 45-46.
 {¶ 7} Additionally, appellant argues that, pursuant to Civ.R. 15(A), he should have been given leave to amend his complaint in order to cure any defects. "If a motion for failure to state a claim is sustained, `leave to amend the pleading should be granted unless the court determines that allegations of other statements or facts consistent with the challenged pleading could not possibly cure the defect.'" State ex rel. Hanson v. GuernseyCounty Bd. of Commrs. (1992), 65 Ohio St.3d 545, 549, quoting McCormac, Civ.R. (2 Ed. 1992) 150, Section 6.20.
 {¶ 8} In the instant case, appellant asserts that he established a prima facie case of negligence against appellee, and that the issues left to be litigated are factual in nature and should withstand a motion to dismiss for failure to state a claim. However, in order to maintain an action for negligence, the plaintiff must establish that the defendant owed him or her a duty as a matter of law. See Railroad Co. v. Harvey (1907),77 Ohio St. 235, 240. See, also, Stevens v. Highland County Bd. ofCommrs., Highland App. No. 04CA8, 2004-Ohio-4560; Gauci v.Ryan's Family Steak Houses, Inc., Lucas App. Nos. L-03-1248, L-03-1322, 2004-Ohio-3803.
 {¶ 9} A psychologist's duty is based on the existence of a physician-patient relationship. See Lownsbury v. VanBuren,94 Ohio St.3d 231, 2002-Ohio-646. The only physician-patient relationship that was established in the case at bar was between appellee and the minor child. Parents of a minor child may file a negligence claim on behalf of that child, if the alleged negligence resulted in injuries to the minor child. See Darwishv. Harmon (1992), 91 Ohio App.3d 630; Bagyi v. Miller (1965),3 Ohio App.2d 371. However, in the instant case, appellant does not allege any injury to his minor child. On the contrary, appellant alleges injury only to himself, specifically, that he incurred attorney's fees in defending against Patterson's motion to modify visitation. Appellant points to no case law supporting his proposition that he is entitled to recover damages for injuries to himself based on a duty owed to his minor child. Accordingly, we find that appellee did not owe appellant a duty of care.
 {¶ 10} Appellant additionally argues that he has standing to sue, citing Ohio Assoc. of Ind. Schools v. Goff (C.A.6, 1996),92 F.3d 419, 422, which states that "[t]o establish standing, a party must allege actual or threatened injury, a causal connection between that injury and the defendant's conduct, and a likelihood that a court decision in the plaintiff's favor will redress the injury alleged." In the instant case, appellant falls short of showing a causal connection between his attorney's fees and appellee acting in the dual role of a treating and an evaluating psychologist. If Patterson had hired another medical professional to evaluate the minor child and make a recommendation to the court regarding appellant's visitation rights, presumably appellant would still be in the same position, i.e., paying an attorney to defend against the motion to modify visitation rights.
 {¶ 11} Appellant's final assertion under this assignment of error is that his proposed amended complaint cures any defects found in his original complaint. The difference between appellant's original complaint and his amended complaint is that in his amended complaint, he states that both he and Patterson engaged and paid for appellee's counseling services; however, only Patterson engaged appellee for the purpose of evaluation and custody recommendation regarding the minor child. These new facts regarding paying for appellee's services do not cure the defects, as discussed earlier, in appellant's original complaint. In other words, even with the added facts, it is still not possible for appellant to state a claim upon which relief can be granted. SeeWilmington Steel Products, Inc. v. Cleveland ElectricIlluminating Co. (1991), 60 Ohio St.3d 120.
 {¶ 12} Accordingly, we find the trial court did not err in dismissing appellant's complaint for failure to state a claim, and appellant's assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant her costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Sweeney, P.J., and Cooney, J., concur.
[1] Appellant's complaint at ¶ 6.